**Robert L. BUGGS, Plaintiff–Appellee,**

v.

**ELGIN, JOLIET & EASTERN RAILWAY COMPANY, Defendant–Appellant.**

**Nos. 87–1343, 87–3097.**

United States Court of Appeals, Seventh Circuit.

Argued May 25, 1988.

Decided July 25, 1988.

William M. Stevens, Rooks, Pitts & Poust, Chicago, Ill., for defendant-appellant.

Richard S. Tebik, Shozen & Tebik, Munster, Ind., for plaintiff-appellee.

Before WOOD, Jr. and FLAUM, Circuit Judges, and WILL, Senior District Judge [*].

FLAUM, Circuit Judge.

The defendant-appellant, Elgin Joliet & Eastern Railway Co. ("E J & E"), appeals from a Corrected Judgment Order entered in favor of the plaintiff-appellee, Robert L. Buggs. For the reasons set forth below, we affirm and remand for further proceedings.

## I.

The facts giving rise to this appeal are undisputed. On September 26, 1980, Buggs filed a complaint against E J & E alleging that he was discharged in July 1977 on account of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* A trial was held on February 18 and 19, 1986, and on October 3 the presiding magistrate entered judgment in favor of Buggs.[1] The magistrate awarded Buggs the following relief:

Based upon the foregoing Findings of Fact and Conclusions of Law, the Court now finds that the plaintiff, Robert L. Buggs, is entitled to judgment against the defendant, Elgin, Joliet and Eastern Railway Company, as a result of his discharge on July 12, 1977. *The Court further finds that the plaintiff is entitled to reinstatement, back pay in the amount of $36,000, and attorney fees.* The plaintiff is GRANTED 30 days in which to submit an appropriate claim for attorney fees.

(emphasis added).

On November 3, 1986, Buggs filed a Motion to Correct Judgment pursuant to Federal Rules of Civil Procedure 60(b)(1) and (b)(6). The motion requested that the October 3 judgment be amended to provide additional relief. Specifically, the motion stated:

That Plaintiff is further entitled to reinstatement, backpay and fringe benefits calculated at the rate of Plaintiff's loss from the date of termination up to and including the time of reinstatement which includes $36,000.00 representing amount loss [sic] based upon Plaintiff's earnings at the time of termination and such other increases Plaintiff would have received if he continued employment; Plaintiff also to be awarded all benefits loss [sic] from the time of termination up to and including the date of reinstatement; and attorney fees.

The magistrate heard arguments on January 21, 1987 and concluded that the motion should be denied for three reasons. First, to the extent that the Motion to Correct Judgment was in effect a Rule 59(e) Motion to Alter or Amend a Judgment, the motion was untimely because it was not filed within 10 days of the entry of judgment. *See* Fed.R.Civ.P. 59(e). Second, if the Motion to Correct Judgment was properly premised upon Rule 60(b), the motion was defective because Buggs neglected to explain why he had not introduced any evidence concerning these additional issues at trial. Third, because Buggs failed to timely appeal the judgment, the magistrate denied his motion on the ground that Rule 60 may not be used as a substitute for appeal. *See Andrews v. Heinold Commodities Inc.,* 771 F.2d 184, 188 (7th Cir.1985). The magistrate did, however, award Buggs attorneys' fees, even though his fee petition was submitted 66 days after the deadline initially set by the court's order.

 Following the withdrawal of his court-appointed counsel, on February 27 Buggs filed *pro se* a Motion to Reconsider the Motion to Correct Judgment. This motion was denied on February 13. That

* The Honorable Hubert L. Will, Senior District Judge of the United States District Court for the Northern District of Illinois, is sitting by designation.

1. Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to trial before a United States Magistrate.

same day, Buggs filed both a Notice of Appeal from the denial of his motion for reconsideration[2] and a new Motion to Clarify Judgment. In his Motion to Clarify, Buggs once again requested an amendment of the magistrate's October 3 judgment to provide him with retroactive seniority and appropriate fringe benefits. E J & E moved to dismiss the Motion to Clarify on the same grounds on which Buggs' initial Motion to Correct had been rejected; E J & E also filed, on February 27, a Notice of Appeal (No. 87–1343) from both the October 3 judgment and the January 21 fee award.[3] A status hearing was held on April 13 at which Buggs, apparently once again assisted by counsel, informed the court that his Motion to Clarify was in the nature of a Motion to Enforce Judgment. As a result, the court entered an order requiring Buggs to provide E J & E with a list of alleged violations of the October 3 judgment. It is unclear whether Buggs ever furnished such a list to the defendant.

Finally, without further proceedings and at a time when the parties' own Notices of Appeal had vested appellate jurisdiction in this court, the magistrate on September 30 (almost one year after the date of Buggs' Title VII judgment) entered an advisory order conditionally granting the Motion to Clarify.[4] Relying alternatively on Rules 60(a) and 60(b), the magistrate's order stated, *inter alia:*

> After finding that Buggs was discharged because of his race, the October 3rd order specifically held that Buggs was entitled to reinstatement and back pay. The order did not address the issues of fringe benefits and retroactive seniority. Because of this oversight, Buggs alleges that he was reinstated without receiving the appropriate seniority and fringe benefits.

\* \* \* \* \* \*

> ... Buggs automatically was entitled to his retroactive seniority. In finding in favor of Buggs, this Court intended to order his reinstatement in a manner which would effectively eliminate the affects [sic] of the discrimination.

\* \* \* \* \* \*

> As discussed previously, the October 3, 1986 order was intended to reinstate Buggs and to provide him with back pay and the other equitable relief available under Title VII. Since the failure to mention retroactive seniority and fringe benefits was an oversight, appropriate relief may be granted under Rule 60(a) without reference to when the request was made.

\* \* \* \* \* \*

> In the instant case, the [Rule 60(b)] mistake or inadvertence was on the part of the court, and not one of the parties.

In light of the magistrate's order and pursuant to Federal Rule of Civil Procedure 60(a), we remanded the case to the magistrate who, on November 23, corrected the

---

2. Because the magistrate ultimately granted Buggs' Rule 60(b) motion, we dismissed that appeal (No. 87–1260) with prejudice by unpublished order dated March 28, 1988.

3. A Rule 60(b) motion does not toll the 30–day time limit for filing a Notice of Appeal. *Wort v. Vierling,* 778 F.2d 1233, 1234 n. 1 (7th Cir.1985). Consequently, insofar as E J & E's February 27 Notice of Appeal attempted to resurrect for review the October 3 judgment of liability under Title VII, it was untimely. An award of fees, however, is considered a severable and separately appealable order and does not deprive an initial judgment on the merits of finality, even if determination of the precise amount of fees remains to be set. *See Barrington Press, Inc. v. Morey,* 816 F.2d 341, 342 (7th Cir.1987); *Exchange Nat'l Bank of Chicago v. Daniels,* 763 F.2d 286, 291–92 (7th Cir.1985).

Under normal circumstances, E J & E would have had to file its appeal from the fee award within 30 days of its entry (by February 20). However, because Buggs filed his own Notice of Appeal from that part of the court's January 21 order denying his Rule 60(b) motion, E J & E had an additional 14 days from the date of Buggs' filing within which to file a cross-appeal —regardless of whether the usual time for appeal had expired. *See* Fed.R.App.P. 4(a)(3). E J & E's February 27 Notice of Appeal was thus timely to the extent it related to the issue of the court's award of attorneys' fees.

4. Specifically, the magistrate's order conditioned the granting of Buggs' motion on our willingness to remand the case so that jurisdiction would once again vest in the district court.

disputed portion of the original October 3 judgment to read:

> The Court further finds that the plaintiff is entitled to reinstatement with retroactive seniority and appropriate fringe benefits, back pay in the amount of $36,-000.00, and attorney fees.

On December 18, E J & E filed a second Notice of Appeal (No. 87–3097) from this now final order.

## II.

On appeal, E J & E raises essentially three arguments. First, it maintains that the magistrate was without authority under either Rule 60(a) or 60(b)(1) to correct the October 3 judgment. Second, it contends that the court acted improperly in granting Buggs' fee petition, which was submitted more than two months late. Third, E J & E argues that the magistrate's subsequent amendment of the original order reopened the *entire* Title VII judgment to allow an appeal on the merits. We consider these arguments in turn.

■ In his September 30, 1987 order, the magistrate predicated his authority to amend the October 3 judgment on Federal Rules of Civil Procedure 60(a) and 60(b)(1). Rule 60(a), entitled "Clerical Mistakes," states in relevant part: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party . . . ." Whether or not a proposed correction of a judgment qualifies as a Rule 60(a) "clerical mistake" depends on whether " . . . the flaw lies in the translation of the original meaning to the judgment[; if so,] Rule 60(a) allows a correction, if the judgment captures the original meaning but is infected by error, then the parties must seek another source of authority to correct the mistake." *United States v. Griffin*, 782 F.2d 1393, 1396–97 (7th Cir.1986). Within 31 days after the magistrate's October 3 judgment, Buggs presented the court with a Motion to Correct Judgment seeking the same correction that was ultimately granted almost a year later. The court's emphatic denial of

Buggs' initial request to amend the judgment persuades us that it did not originally contemplate awarding retroactive seniority and foregone fringe benefits when entering its October 3 order. Hence, this is not the sort of "scrivener's error" which Rule 60(a) ordinarily addresses. *See e.g., Charles v. Daley*, 799 F.2d 343, 347 (7th Cir.1986).

■ Rule 60(b)(1), however, does give the magistrate the authority to correct its earlier judgment. Rule 60(b)(1) empowers district courts to "relieve a party . . . from a final judgment . . . for . . . inadvertence." The inadvertence can be on the part of the court rather than the parties. *Bank of California v. Arthur Andersen & Co.*, 709 F.2d 1174, 1176 (7th Cir.1983). The magistrate admitted that the failure to include retroactive seniority and fringe benefits in its October 3 order was its own error and was not attributable to the parties. Apparently, the court simply failed to apprehend the extent of the relief that was necessary to make Buggs "whole" in light of his discriminatory discharge. *See e.g. Franks v. Bowman Transp. Co., Inc.*, 424 U.S. 747, 763, 96 S.Ct. 1251, 1263, 47 L.Ed.2d 444 (1976) (one of the central purposes of Title VII is to make persons whole for injuries suffered on account of unlawful employment discrimination). Thus, Rule 60(b)(1) was the proper procedural vehicle to correct the magistrate's oversight and to effectuate the broad remedial purposes of Title VII.

■ E J & E's second argument is that the magistrate was without authority to grant Buggs' fee petition because the petition was filed 66 days after the deadline set by the court's October 3 judgment. This contention has no merit. Where a document that is filed in response to a court order is submitted late, the trial court has discretion to accept or to reject its filing. While the preferable practice would have been for Buggs to seek an extension of time within which to file his fee petition, the magistrate's subsequent allowance of the petition effectively constituted a grant of enlargement of time in which to file. E J & E does not contest the amount of fees awarded nor does it allege any prejudice as

the result of Buggs' tardy filing; accordingly, there is no basis for a finding that the magistrate abused his discretion in allowing the fee petition pursuant to the earlier Title VII judgment.

E J & E's third and final argument addresses whether the November 1987 amendment to the magistrate's October 3, 1986 order reopens the entire judgment to permit an appeal on the merits of Buggs' Title VII claim. E J & E readily concedes that it did not timely appeal from the original Title VII judgment and the relief granted therein. The company asserts, however, that the amended judgment's award of "appropriate fringe benefits," covering the ten-year period during which Buggs was separated from E J & E, so substantially modified the original judgment that an appeal should now be permitted from the entire judgment as finally rendered. In fact, E J & E specifically indicated at oral argument that although it had been willing to provide the relief originally ordered by the magistrate's October 3 judgment, it would have responded differently—presumably by appealing—had that original judgment also contained an award of retroactive fringe benefits.

Buggs is dubious. He argues that E J & E had the same incentive to appeal the underlying finding of discriminatory conduct on October 3, 1986 as it did on November 23, 1987. Moreover, Buggs contends that to reopen the underlying judgment at this late date would allow E J & E to use an appeal from the grant of a Rule 60(b) motion to circumvent the jurisdictional requirement that an appeal in a civil case must be filed within 30 days of the entry of the judgment. *See* Fed.R.App.P. 4(a). *Cf. Browder v. Director, Illinois Dep't of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978) (appeal from the *denial* of a Rule 60(b) motion does *not* bring up the underlying judgment for review). *But see F.T.C. v. Minneapolis–Honeywell Regulator Co.*, 344 U.S. 206, 211, 73 S.Ct. 245, 248, 97 L.Ed. 245 (1952) (when lower court changes a matter of substance, which by its prior order had been settled with apparent finality, the period within which an appeal must be filed

should begin to run anew); *Chavez v. Balesh*, 704 F.2d 774, 778 (5th Cir.1983) (appeal from the grant of a Rule 60(b) motion may bring up underlying judgment for review).

 While we agree with the general proposition that an amended judgment may in some cases so materially alter a court's prior order that the period of time within which an appeal must be filed should begin to run anew, we disagree with E J & E that this is such a case. E J & E's conduct belies its assertion at oral argument that it would have *immediately* appealed from the October 3 judgment had that judgment specified that Buggs was also entitled to lost fringe benefits. The record reveals that E J & E attempted unsuccessfully to appeal from the original judgment by filing a Notice of Appeal on February 27, 1987, nearly 9 months *prior* to any amendment awarding Buggs fringe benefits. *See supra* n. 3. E J & E therefore determined that it should appeal from the October 3 judgment but failed to do so in a timely manner and thus appears to be doing precisely what Buggs alleges—attempting to use an appeal from the grant of a Rule 60(b) motion to circumvent the rule that appeals in civil cases must be taken within 30 days of the entry of judgment. Extensions of this jurisdictional requirement are allowed only in cases of "excusable neglect" or "good cause" and any extension must not exceed 30 days from the original filing date. Fed.R.App.P. 4(a)(5). E J & E's probable failure to appreciate that the magistrate's Title VII judgment of October 3 was final and thus immediately appealable, despite the pendency of the fees issue, is insufficient as a matter of law to warrant an extension of the 30–day rule. *See Reinsurance Co. of America, Inc., v. Administratia Asigurarilor de Stat*, 808 F.2d 1249 (7th Cir.1987) (extension of 30–day rule appropriate only under "unique circumstances" or in "extraordinary cases where injustice would otherwise result").

 Consequently, the only issue reserved by E J & E's December 18 Notice of Appeal is the award of fringe benefits. With respect to that component of the mag-

istrate's order, however, the extent of E J & E's liability remains, as yet, unknown. Although E J & E is presumably in possession of the information necessary to calculate what benefits it owes Buggs, we think the more prudent and economical course of action is to remand the case to the magistrate for a hearing, at which time the amount of Buggs' entitlement can be settled once and for all. Of course, as we stated previously, E J & E remains free to appeal from any such award.

### III.

In conclusion, we hold that the magistrate had authority pursuant to Rule 60(b)(1) to amend his original October 3 order and that the granting of such relief did not entitle E J & E to relitigate the underlying Title VII judgment. The extent of E J & E's liability for fringe benefits is to be determined, in the first instance, upon remand.

AFFIRMED AND REMANDED.