**AMERICAN FEDERATION OF GRAIN MILLERS, LOCAL 24, Plaintiff–Appellant,**

v.

**CARGILL INCORPORATED and Pillsbury Company, Defendants–Appellees.**

No. 93–1476.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 1, 1993.

Decided Feb. 4, 1994.

Patrick J. O'Hara (argued), Cavanagh & O'Hara, Springfield, IL, for American Federation of Grain Millers, Local 24.

Alex V. Barbour (argued), David K. Haase, Jenner & Block, Chicago, IL, James R. Potter, Londrigan, Potter & Randle, Springfield, IL, for Cargill, Inc.

Carl R. Draper, Feldman & Wasser, Springfield, IL, Bradley W. Kampas (argued), Jackson, Lewis, Schnitzer & Krupman, San Francisco, CA, for Pillsbury Co.

Before WOOD, Jr., EASTERBROOK, and RIPPLE, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

American Federation of Grain Millers, Local 24, ("Local 24") appeals from the district court's order dismissing their claim for lack of subject matter jurisdiction. Because we find that we do not have proper appellate jurisdiction, we cannot reach the merits of Local 24's arguments and therefore can only dismiss this appeal.

Local 24 represents the production employees of a factory located in Springfield, Illinois. Pillsbury owned the factory in the beginning of 1991, but sold the facility to Cargill in a deal consummated on June 10, 1991. Terms included a provision imposing certain hiring and payment obligations on both Pillsbury and Cargill, and these claims form the basis of the substantive issues presented in plaintiff's complaint.

■ On December 8, 1992, the district court issued an order dismissing plaintiff's complaint for lack of subject matter jurisdiction and denying the parties' cross motions for summary judgment. The order made no mention of costs. The court held that plaintiff's state law claim of misrepresentation relative to collective bargaining agreements with Pillsbury and Cargill constituted an unfair labor practice under § 8(a)(5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(5), but that this claim is preempted by the exclusive remedies available under the NLRA. *Kolentus v. Avco Corp.,* 798 F.2d 949, 961 (7th Cir.1986), *cert. denied,* 479 U.S. 1032, 107 S.Ct. 878, 93 L.Ed.2d 832 (1987). The next day, on December 9, 1992, the clerk of the court entered an order dismissing the case for lack of subject matter jurisdiction, granting judgment for the defendants, and awarding defendants their costs. Plaintiff did not appeal this order.

More than thirty days later, on January 12, 1993, Local 24 filed a "Motion to Strike [the December 9 judgment] or in the Alternative, Objection to Defendant's Bill of Costs." The district court granted plaintiff's motion by a January 22, 1993 order, dismissed the case without prejudice, struck the December 9, 1992 judgment for the defendant, and ordered that each party bear its own costs. Neither plaintiff nor the district court specified the rule or subdivision under which the December 9 judgment was altered, although the parties now concede that the court acted pursuant to Fed.R.Civ.P. 60. On February 22, 1993, Local 24 filed a timely notice of appeal from the January 22, 1993 order although it had prevailed on its motion.

Before addressing the substantive issues presented by this appeal, we must first ask whether we have appellate jurisdiction. On April 8, 1993, a motions panel of this court denied without opinion "Appellee Cargill's Motion to Stay Briefing Schedule, and Motion to Dismiss Appeal, or in the Alternative, To Limit Scope of Appeal." Contrary to plaintiff's position, we are free to reexamine jurisdictional issues, uninhibited by the law of the case doctrine or by 7th Cir.R. 40(f). *Johnson v. Burken,* 930 F.2d 1202, 1205 (7th Cir.1991). A motion panel's decision is merely tentative as it is often based on a scanty record, and is subject to review by the merits panel.

■ For this court to have jurisdiction under 28 U.S.C. § 1291 (1988), Fed.R.App.P. 4(a)(1) requires appellant to file a notice of appeal within thirty days after entry of the judgment or order. Because plaintiff filed this appeal within thirty days of the January 22, 1993 order, we have jurisdiction to review any alleged errors in that order. We have a problem, though, because the only substantive issues presented by plaintiff's brief concern the district court's holding that it lacked subject matter jurisdiction over this dispute, a holding originally stated in the December 8, 1992 order. The January 22, 1993 order dismissing the case without prejudice only corrected a clerical error. When appealing from an order altering a previous judgment under Rule 60, an appellant cannot attack the original order, but is limited to assigning as error any problems in the Rule 60 decision itself. So while we do have jurisdiction to review the January 22, 1993 order, that jurisdiction does not allow us to review the substantive issues of the December 8, 1992 order unless the filing period was tolled or restart-

ed because of the changes made under Fed. R.Civ.P. 60.[1]

■ When plaintiff moved the court to strike the judgment and award of costs on January 12, 1993, plaintiff argued that the change was needed because of a "clerical error due to a misunderstanding of the Court's order." Plaintiff's own characterization suggests that plaintiff moved the district court under Fed.R.Civ.P. 60(a), which authorizes a court to correct clerical errors in judgments and orders. Such a motion does not restart or toll the allowable time period for a timely appeal. *Local 1545, United Mine Workers of America v. Inland Steel Coal Co.,* 876 F.2d 1288, 1291–92 n. 4 (7th Cir.1989).

■ Plaintiff maintains, however, that its January 12, 1993 motion was based on Rule 60(b). In support of this argument, plaintiff points to the January 22, 1993 district court order granting its motion to strike because the clerk of the court "inadvertently" entered judgment for the defendant and awarded costs to the defendant, two orders not issued by the district court on December 8. Rule 60(b) permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud. But a motion for relief from judgment under Rule 60(b) does not toll the time for appeal from, or affect the finality of the original judgment. *Browder v. Director, Dept. of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978). A narrow exception to this rule allows a change in the judgment to restart the period in which a timely appeal may follow if the change materially alters the original judgment. *Buggs v. Elgin, Joliet & E. Ry. Co.,* 852 F.2d 318, 323 (7th Cir.1988). Before addressing this issue we must first decide whether the district court acted under subsection (a) or subsection (b) of Rule 60.

■ To determine whether Rule 60(a) applies, this circuit distinguishes "between changes that implement the result intended by the court at the time the order was entered and changes that alter the original

meaning to correct a legal or factual error." *Wesco Products Co. v. Alloy Auto. Co.,* 880 F.2d 981, 984 (7th Cir.1989). "If the flaw lies in the translation of the original meaning to the judgment, then Rule 60(a) allows a correction; if the judgment captures the original meaning but is infected by error, then the parties must seek another source of authority to correct the mistake." *United States v. Griffin,* 782 F.2d 1393, 1396–97 (7th Cir. 1986). Here the district judge clearly intended to implement the original meaning of his December 8, 1992 order as evidenced by his correction on January 22, 1993. The January 22, 1993 order directed the clerk of the court to strike the December 9, 1992 judgment for the defendant and its assessment of costs against plaintiff, leaving intact only the order dismissing the case without prejudice for lack of subject matter jurisdiction. Correcting this mistake by the January 22, 1993 order was proper under 60(a). The court was not trying to correct some factual or legal error, merely the clerical mistake that occurred when the clerk of the court mistakenly translated the district court's order into a judgment. *See Spray–Rite Service Corp. v. Monsanto Co.,* 684 F.2d 1226, 1246–47 (7th Cir.1982).

Even if we were to accept plaintiff's argument that Rule 60(b) applies, the plaintiff still loses for the January 22, 1993 order did not materially alter the substantive holding of the original December 8, 1992 order. The December 8, 1992 order dismissed the case for lack of subject matter jurisdiction while the December 9, 1992 judgment also awarded costs to the defendants, and entered judgment for the defendants. The district court later struck the December 9, 1992 judgment on its own motion and issued a new order dismissing the case without prejudice, thus further clarifying its intention to dismiss the case for lack of subject matter jurisdiction. Neither of these changes adversely affected the plaintiff's interests. Rather, plaintiff received exactly what it sought and benefitted from the district court's changes. The sub-

---

1. We point out that the motions panel correctly refused to dismiss this appeal because the plaintiffs filed a timely appeal from the order disposing of its Rule 60 motion. Only after the briefs were submitted did it become evident that plaintiff's substantive arguments concerned only the December 9 order and did not attack the Rule 60 ruling.

stance or merits of this appeal complain that the district court improperly dismissed the case for lack of subject matter jurisdiction. This is the one original holding that was not materially altered and thus cannot be a basis for appeal now that the thirty day period has run. Allowing a party to appeal from an order altering the original judgment under Rule 60(b), even where the district court chose to strike the original order, must necessarily adversely impact the appellant in a material manner before the time for appeal will reset. To hold otherwise would allow a party "to circumvent the rule that appeals in civil cases must be taken within 30 days of the entry of judgment." *Buggs,* 852 F.2d at 323. Even though plaintiff's contrary view is understandable, we must take a technical view in matters affecting our jurisdiction.

We lack jurisdiction to hear this appeal and the case is

DISMISSED.