67 F.3d 302
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dr. Mahmoud ZIAEE, Dr. John L. Sherlock, Maryam Ziaee, et
al., Plaintiffs-Appellees,
v.
VEST MEDICAL CONSULTANTS, LIMITED, Dr. T. Bruce Vest, Vest
Medical Consultants, Limited, Plan No. 001, et
al., Defendants-Appellants.
 No. 94-1910.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 15, 1995.
Decided Sept. 20, 1995.
 
 Before CUMMINGS, BAUER and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Under Rule 4(a)(6) of the Federal Rules of Appellate Procedure, the district court may exercise its discretion and reopen the time to appeal if certain preconditions are established. See In re Marchiando, 13 F.3d 1111, 1114 (7th Cir.1994). In the present case, plaintiffs disputed whether defendants or their counsel failed to receive notice of the judgment within 21 days of its entry. The district court resolved the dispute in favor of plaintiffs, and we do not find its determination to be clearly erroneous. Accordingly, we are without jurisdiction to review the merits judgment entered on April 1, 1993.
 
 
 2
 Appellants also appeal the denial of relief under Rule 60 of the Federal Rules of Civil Procedure. Appellants' motion sought more than a clerical change in the judgment to implement the result that the district court intended at the time the order was entered; appellant's assertions amount to a disagreement with the district court's calculation of damages. Relief under Rule 60(a) therefore was not available and properly denied. American Federation of Grain Millers v. Cargill, Inc., 15 F.3d 726, 728 (7th Cir.1994). We further conclude that the district court did not abuse its discretion in denying relief under Rule 60(b). See Mares v. Busby, 34 F.2d 533, 535 (7th Cir.1994) ("A district court will have abused its discretion only in situations in which no reasonable person could agree with the district court.").
 
 
 3
 DISMISSED IN PART; AFFIRMED IN PART.