124 F.3d 204
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UBI O. O'NEAL, Plaintiff-Appellant,
v.
SABENA BELGIAN WORLD AIRLINES, Defendant-Appellee.
 No. 97-1046.
 United States Court of Appeals, Seventh Circuit.
 Aug. 12, 1997.
 
 1
 Hon. WILLIAM J. BAUER, Circuit Judge Hon. JOEL M. FLAUM, Circuit Judge Hon. ILANA DIAMOND ROVNER, Circuit Judge
 
 ORDER
 
 2
 At issue in this appeal is whether the district court's order clarifying the wording of its earlier judgment should be construed as a Federal Rule of Civil Procedure 60(a) correction, which does not toll the time period for filing a post-judgment motion. Because we conclude that the order was made pursuant to Rule 60(a), we must treat Ubi O'Neal's subsequent motion to reconsider as a Rule 60(b) motion, and affirm.
 
 
 3
 Ubi O'Neal's carry-on baggage was lost on the second leg of his journey from Chicago to Nigeria aboard Sabena Belgian World Airlines. He had surrendered his baggage upon making the connecting flight for the outbound trip, the plane from Brussels, Belgium to Lagos, Nigeria. O'Neal sued the airline for negligence and breach of contract.
 
 
 4
 On October 31, 1996, the district court dismissed O'Neal's claims on the ground that the court lacked subject matter jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605(a)(2). On November 4, however, two inconsistent court documents were docketed: (1) a minute order stating that the dismissal was "with prejudice" and (2) a judgment entry stating that the dismissal was "without prejudice." On its own initiative, on November 12, the:dtistrict court issued a correction to its November 4 judgment, dismissing the case "with prejudice." O'Neal filed a motion to reconsider on November 26, twenty-two days after the entry of judgment. The district court denied the motion to reconsider in a minute order docketed December 12.
 
 
 5
 O'Neal filed a notice of appeal on January 6, 1997.
 
 
 6
 We must first ask whether we have appellate jurisdiction. On March 24, 1997, a motions panel of this court denied Sabena's motion to dismiss the appeal for O'Neal's failure to file a timely notice of appeal. Contrary to O'Neal's position expressed at oral argument, we are free to reexamine jurisdictional issues at any stage of the proceedings. American Fed'n of Grain Millers, Local 24 v. Cargill, Inc. 15 F.3d 726, 727 (7th Cir.1994). A motions panel's decision is ' "summary in character, made often on a scanty record, and not entitled to the weight of a decision made after plenary submission. " ' In re Healthcare Compare Corp. Secs. Litig., 75 F.3d 276, 279-80 (7th Cir.1996) (quoting Johnson v. Burken, 930 F.2d 1202, 1205 (7th Cir.1991)). When, as here, a motions panel is merely deciding whether an appeal should be heard (rather than disposing of the appeal), its decision should be treated as tentative and thus revisable by the merits panel. Johnson, 930 F.2d at 1205.
 
 
 7
 The structure of the Federal Rules of Civil Procedure and Appellate Procedure make the timing of the filings in this case significant. Rule 59(e) motions to alter or amend the judgment must be filed within ten business days of the entry of judgment. A motion to alter or amend the judgment that is filed more than ten days after entry of judgment is treated as a motion for relief from judgment under Rule 60(b). While a properly filed Rule 59(e) motion tolls the time in which to file a notice of appeal, a Rule 60(b) motion filed more than ten days after entry of judgment does not. Fed. R.App. P. 4(a)(4).
 
 
 8
 These tolling rules form the backdrop for our inquiry into whether the district court's November 12 order should be construed as taking place under Rule 60(a). Because a Rule 60(a) order does not toll the time period for filing a postjudgment motion, our characterization of the November 12 order will determine whether O'Neal's November 26 motion to reconsider should be construed under Rule 59(e) or Rule 60(b).
 
 
 9
 The November 12 order can only be viewed as arising under Rule 60(a). The district court was merely correcting a "flaw [ ] in the translation of the original meaning to the judgment." American Fed'n, 15 F.3d at 728 (internal quotation and citation omitted). As in American Federation, the "court was not trying to correct some factual or legal error, [but] merely the clerical mistake that occurred when the clerk of the court mistakenly translated the district court's order into a judgment." Id. Indeed, Judge Leinenweber stated in his oral ruling that he was granting Sabena's motion to dismiss the complaint "with prejudice for lack of subject matter jurisdiction." The judge was doing nothing more than clarifying his original judgment, "to make the judgment speak the truth." Paganis v. Blonstein, 3 F.3d i067, 1)72 (7th Cir.1993).
 
 
 10
 O'Neal's motion to reconsider was filed 22 days following entry of judgment, well beyond the ten-day period permitted under Rule 59(e), and must be treated as a motion for relief from judgment under Rule 60(b). Because the motion did not toll the appeal period and the notice of appeal was filed more than 30 days after the district court's entry of judgment--but within 30 days of the denial of the motion to reconsider--this appeal is limited solely to review of whether the district court abused its discretion in denying the motion to reconsider. See Life Ins. Co. of North America v. Von Valtier, --- F.3d ---, No. 96-1947, 1997 WL 333822, at * 3 (7th Cir. June 19, 1997); Parke-Chapley Constr. Co. v. Cherrinton, 865 F.2d 907, 908 (7th Cir.1989).
 
 
 11
 "Relief under Rule 60(b) is an extraordinary remedy that is to be granted only in exceptional circumstances." Provident Savings Bank v. Popovich, 71 F.3d 696, 698 (7th Cir.1995); Donald v. Cook County Sheriff's Dep't 95 F.3d 548, 554 (7th Cir.1996).[1] "[W]e are limited to the question of whether a district court's Rule 60(b) determination involved an abuse of discretion, [so] we do not review the merits of the underlying judgment, and our review is far narrower than it would be on direct appeal." Provident Savings Bank, 71 F.3d at 698. We will find abuse of discretion only if no reasonable person could agree with the decision of the district court. Jones v. Phipps, 39 F.3d 158, 162 (7th Cir.1994).
 
 
 12
 We have held that an appeal or motion for new trial, rather than a Rule 60(b) motion, is the appropriate vehicle for redressing legal errors committed by a trial judge. Parke-Chapley, 865 F.2d at 915. If the rule were construed otherwise, "a party could circumvent the ordinary time limitation for filing a notice of appeal." Russell v. Delco Remy Div. of General Motors Corp., 51 F.3d 746, 749 (7th Cir.1995). O'Neal did not timely appeal the judgment against him, and he now uses his post-judgment motion to relitigate the jurisdictional issues that prompted the district court's dismissal. That dismissal "cannot be a basis for appeal now that the thirty day period has run." American Fed'n, 15 F.3d at 729.
 
 
 13
 O'Nea's motion to reconsider does not present grounds that fit any of the categories for which Rule 60(b) provides relief, and for that reason the district court did not abuse its discretion in denying it.[2]
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 Federal Rule of Civil Procedure 60(b) provides that a party may be relieved of a judgment in cases involving:
 (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
 
 
 [2]
 Our holdingin this case should by no means be read as an endorsement of Sabena' § position expressed at oral argument that an airline ticket does not create a duty of care to provide safe transport for baggage which a passenger tenders to the airlines outside the United States