**Robert ROONEY d/b/a Biomet Rooney & Associates, Plaintiff,**

v.

**BIOMET, INC., Defendant.**

**No. CIV.A. 98–40201–NMG.**

United States District Court, D. Massachusetts.

Nov. 15, 2000.

---

Howard B. D'Amico, Kapral & D'Amico, P.C., Worcester, MA, for plaintiff.

John O. Mirick, Mirick, O'Connell, DeMallie & Lougee, LLP, Worcester, MA, for defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is the motion of plaintiff, Robert Rooney d/b/a Biomet Rooney & Associates ("Rooney"), for relief from the order of this Court dismissing Rooney's complaint (Docket No. 23).

### I. *Background*

Defendant Biomet, Inc. ("Biomet"), a Delaware corporation maintaining its principle place of business in Indiana, is a manufacturer of specialized medical products. In 1995, Rooney and Biomet entered into an agreement whereby Rooney was granted the exclusive right to sell Biomet products in a specified territory that included parts of Massachusetts, Connecticut and Rhode Island ("the 1995 Agreement"). In 1997, Biomet terminated Rooney for failure to meet minimum sales requirements and the parties entered into a similar agreement that was somewhat less favorable to Rooney ("the 1997 Agreement"). In October of 1997, Biomet terminated Rooney for a second time.

Rooney brought the instant action, stated in a 15–count complaint, alleging that Biomet breached the 1995 and 1997 Agreements by 1) interfering with Rooney's ability to attain the specified sales requirements and 2) wrongfully terminating those agreements.

Biomet moved to dismiss under Fed. R.Civ.P. 12(b)(6) and 12(b)(3) on the basis of a forum selection clause in both the 1995 and 1997 Agreements which provided that all disputes between the parties would be resolved "in a state or federal court of competent jurisdiction sitting in the State of Indiana..."

This Court treated Biomet's motion to dismiss under the forum selection clause solely as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Lambert v. Kysar*, 983 F.2d 1110, 1112 n. 1 (1st Cir.1993) (dismissals based on forum selection clauses are founded on Rule 12(b)(6)). Finding that the forum selection clause was unambiguous, this Court dismissed Rooney's complaint in a Memorandum and Order entered on September 16, 1999 which was affirmed by the First Circuit Court of Appeals. On August 28, 2000, Rooney filed the pending motion for relief from that order under Fed.R.Civ.P. 60.

### II. *Motion for Relief From the Order of this Court*

Rooney seeks to have this Court amend its order to state that the dismissal is "without prejudice" or vacate it and reenter an order of dismissal "without prejudice" pursuant to Fed.R.Civ.P. 60. Rooney has re-filed his complaint in the United States District Court for the Northern District of Indiana and fears that the order of dismissal by this Court will have preclusive effect in that court unless it is amended to be "without prejudice". Apparently, Biomet has argued in the Indiana district court that, under Fed. R.Civ.P. 41(b), because the dismissal by this Court was not "without prejudice" it constituted an adjudication upon the merits and therefore was with prejudice.

Biomet objects to any such amendment of the dismissal order, contending that the affirmance of that order by the First Circuit deprives this Court of jurisdiction to vacate its own judgment under Rule 60. Biomet also argues that Rooney's Rule 60 motion should be dismissed because it fails to refer to a specific subsection of that rule. The Court considers both prongs of the objection.

### A. Jurisdiction

A district court generally cannot amend its own judgment once that judgment

has been affirmed on appeal. *Elias v. Ford Motor Co.*, 734 F.2d 463, 465 (1st Cir.1984). The United States Supreme Court has held, however, that a district court may entertain a Rule 60 motion to vacate its own judgment without obtaining leave of the appellate court even if the appellate court has already affirmed that judgment. *Standard Oil Co. v. United States*, 429 U.S. 17, 17–19, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976)(per curiam). Although a district court may not alter the substantive content of an affirmed judgment, it may grant relief in light of changed circumstances because "the appellate mandate relates to the record and issues then before the court, and does not purport to deal with possible later events." *Id.* at 18, 97 S.Ct. 31.

In the instant case, Rooney is not asking this Court to reverse its dismissal of his complaint or to overturn the First Circuit's affirmance of that decision. Rather, he merely seeks to have the dismissal order modified to address Biomet's *res judicata* argument in the Indiana district court. This Court did not intend its dismissal of Rooney's complaint based upon a forum selection clause to have preclusive effect in the forum designated by that clause. In fact, this Court never reached the merits of Rooney's claim precisely because its decision rested solely on the jurisdictional issue raised by the forum selection clause. In light of the possible preclusive effect of the dismissal order, this Court has jurisdiction to entertain Rooney's Rule 60 motion.

**B. Merits**

 Biomet next argues that even if this Court has jurisdiction to consider Rooney's motion, it should be denied because it does not specify under what subsection of Rule 60 Rooney is requesting relief.

Despite the lack of specificity, this Court will treat Rooney's motion as proceeding under Fed.R.Civ.P. 60(b)(1). The omission of the words "without prejudice" in the M & O does not constitute a mere clerical error under Rule 60(a). Minor errors reflecting the actual intent of the court are properly dealt with under Rule 60(b)(1) as opposed to Rule 60(a). *Buggs v. Elgin, Joliet & Eastern Railway Co.*, 852 F.2d 318, 322 (7th Cir. 1988).

Rule 60(b)(1) allows a federal court to "relieve a party...from a final judgment, order, or proceeding for...mistake, inadvertence, surprise, or excusable neglect...." District courts have broad discretion in reviewing Rule 60(b) motions. *United States v. Proceeds of Sale of 3,888 Pounds Atlantic Sea Scallops*, 857 F.2d 46, 48 (1st Cir.1988). As a threshold matter, the movant "must give the trial court reason to believe that vacating the judgment will not be an empty exercise." *Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transport. Co.*, 953 F.2d 17, 20 (1st Cir.1992). The movant then must demonstrate 1) timeliness, 2) the existence of exceptional circumstances justifying relief, and 3) the absence of unfair prejudice to the opposing party. *Id.*

This Court is persuaded that vacating its judgment and reentering a dismissal of Rooney's complaint without prejudice will not be an "empty exercise". This re-entry will notify the district court in Indiana that this Court did not reach the merits of Rooney's complaint.

Rooney has also successfully met his secondary burden under Rule 60(b). First, Rooney properly filed the pending motion within the one-year time limit for Rule 60(b)(1) motions. Second, the possibility that dismissal of Rooney's complaint based upon a *forum selection clause might serve as a final* adjudication on the merits of his claim constitutes sufficient extraordinary circumstances to warrant relief. Finally, Biomet will not be prejudiced because this Court is not amending the actual dismissal of Rooney's complaint. Accordingly, the relief requested by Rooney under Fed.R.Civ.P. 60(b)(1) is appropriate.

**ORDER**

For the foregoing reasons, the motion of the plaintiff, Robert Rooney, to vacate this Court's order dismissing his complaint (Docket No. 23) is ALLOWED. This Court's Order of Dismissal (Docket No. 19) is VACATED and RE-ENTERED as follows:

**212**

For the foregoing reasons, the motion of defendant Biomet, Inc. to dismiss is ALLOWED. The case is hereby dismissed, without prejudice.

So ordered.