**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 17 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

51 PIECES OF REAL PROPERTY, ROSWELL, NEW MEXICO, including all fixtures, appliances, and appurtenances therein and all rents, profits, other income and proceeds therefrom,

      Defendant - Appellee,

and

THE RENT SHOPPE, all deposits, rents, proceeds and records maintained by The Rent Shoppe for all properties managed for James Grandgeorge, Nitsua Management, Brookes, Ltd., The Oversoul Foundation, and Donald Austin; NITSUA MANAGEMENT; and THE OVERSOUL FOUNDATION,

      Defendants.

---

DONALD AUSTIN,

      Claimant - Appellant,

and

No. 97-1440

(D. Colorado)

(D.C. No. 91-Z-1175)

BROOKES, LTD., a Delaware
corporation; JANE TAVAREZ
GRANDGEORGE, as the sole
shareholder of Brookes, Ltd.; C. G.
SIMPSON; JACQUE, INC., a New
Mexico corporation; NITSUA
MANAGEMENT, a Nevada
contractual company,

        Claimants.

---

## ORDER AND JUDGMENT[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

Defendant Donald Dean Austin appeals from the denial of his Fed. R. Civ. P. 60(b) motion for relief from a judgment of the district court entered on October 22, 1992, in which the court awarded a default judgment to the United States and ordered forfeiture of certain real property located in New Mexico. We affirm.

The United States initiated two separate legal actions against Mr. Austin arising out of his involvement in a money laundering scheme. In one, Mr. Austin was indicted, tried by a jury, and sentenced to twenty seven years in prison. This

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court affirmed his conviction and sentence. United States v. Austin, Nos. 92-1046, 92-1047, 1992 WL 738548 (10th Cir. Nov. 12, 1992) (unpublished). We also affirmed the denial of habeas relief. United States v. Austin, Nos. 94-1108, 94-1256, 1995 WL 94632 (10th Cir. Feb. 28, 1995) (unpublished).

In the other action, the government filed a complaint for forfeiture *in rem* against property owned by Nitsua Management, a business trust organization organized under the laws of Nevada and which the government contended was the alter ego of Mr. Austin. Notice of the seizure and forfeiture proceedings was sent to Nitsua and to Mr. Austin through his criminal defense attorney. The district court eventually entered judgment for the government, after concluding that it had *in rem* jurisdiction over the property and personal jurisdiction over Nitsua, whom the court found to be the alter ego of Mr. Austin.

On appeal, this court affirmed in part and reversed in part, holding that the "district court did not have *in rem* jurisdiction over the property and, therefore, could not enter judgment of forfeiture in favor of the government as against the whole world." United States v. 51 Pieces of Real Property, 17 F.3d 1306, 1319 (10th Cir. 1994). We also held, however, that "the court did have personal jurisdiction over Nitsua and, therefore, could enter a judgment in favor of the government as against Nitsua." Id.

In May 1997, Mr. Austin filed a motion for relief from judgment under Fed. R. Civ. P. 60(b), arguing that the October 22, 1992, judgment of forfeiture against Nitsua was void under Rule 60(b)(4) because it constituted double punishment in violation of the double jeopardy clause, and that it violated the excessive fines clause of the Eighth Amendment.[1]  The district court denied Rule 60(b)(4) relief, holding that "[a]n *in rem* civil forfeiture action does not constitute punishment for purposes of the double jeopardy clause" and that the motion "was not filed within a reasonable time."  Order, Appellee's Addendum at 74.

Mr. Austin appeals, arguing (1) the district court repeated its prior error by again determining that it had *in rem* jurisdiction when it ordered forfeiture in October 1992, and that the mischaracterization of the court's jurisdiction prevented it from properly reviewing Mr. Austin's motion in light of United States v. Ursery, 518 U.S. 267 (1996); and (2) the district court erred in finding that the motion was not brought within a reasonable time.

Mr. Austin's motion for relief from the 1992 judgment invoked Fed. R. Civ. P. 60(b)(4), which provides relief from a judgment that is void.  Rule 60(b)(4) "provides a mandatory remedy that is not subject to any particular time

---

[1]Mr. Austin's Rule 60(b) motion was accompanied by a 28 U.S.C. § 2255 motion attacking his conviction and sentence.  On the government's motion, the § 2255 motion was transferred to this court, where we denied him authorization to file the successive petition.  United States v. Austin, No. 97-555 (10th Cir. Dec. 19, 1997) (unpublished order).

limitation." Wilmer v. Board of County Comm'rs, 69 F.3d 406, 409 (10th Cir. 1995). The district court therefore erred in denying the motion on the basis that it was not brought within a reasonable time. That does not mean, however, that the district court erred in denying the motion.[2]

We have held that "[f]or a judgment to be void under Rule 60(b)(4), it must be determined that the rendering court was powerless to enter it." V.T.A., Inc. v. Airco, Inc., 597 F.2d 220, 224 (10th Cir. 1979). That occurs when the court lacks subject matter jurisdiction or jurisdiction over the parties, when the "court's action involves a plain usurpation of power or if the court has acted in a manner inconsistent with due process of law." Id. at 224-25 (footnotes omitted); see also Orner v. Shalala, 30 F.3d 1307, 1310 (10th Cir. 1994) ("[A] judgment may be void for purposes of Rule 60(b)(4) if entered in a manner inconsistent with due process."). Additionally, "[a] judgment is not void merely because it is or may be

---

[2]Mr. Austin also argues that "the government admitted in pleadings filed in 1995 that it did not honor the insurance applicable to the properties." Appellant's Br. at 6. He argues that this amounts to "[a] knowing misrepresentation to the district court as to the government's loss in order to wrongfully enhance Austin's sentence or to establish a false restitution claim [which amounts to] a fraud on the court." Id. He further argues that a claim of fraud on the court is also not subject to the "reasonable time" limitation of Rule 60(b). As we have recently stated, "'[f]raud on the court . . . is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury.'" Robinson v. Audi Aktiengesellschaft, 56 F.3d 1259, 1266 (10th Cir. 1995) (quoting Bullock v. United States, 763 F.2d 1115, 1118 (10th Cir. 1985) (en banc)). The government's alleged impropriety in this case does not amount to fraud on the court.

erroneous." V.T.A., Inc., 597 F.2d at 224; see also EEOC v. Safeway Stores, 611 F.2d 795, 800 (10th Cir. 1979). We apply Rule 60(b)(4) narrowly. See V.T.A., Inc., 597 F.2d at 225.

We agree with the government that the district court correctly denied Mr. Austin's motion. We begin by noting that, as the government concedes, the district court erred in characterizing its jurisdiction in the 1992 forfeiture proceeding as *in rem*. As this court specifically held in the appeal of that proceeding, the government did not have *in rem* jurisdiction over the property in question; rather, it had *in personam* jurisdiction over Nitsua, Mr. Austin's alter ego and the owner of the property. See Austin, 17 F.3d at 1319. That error, however, does not render its denial of Mr. Austin's Rule 60(b) motion erroneous.

The judgment of the district court from which Mr. Austin seeks relief was not void. The court had subject matter jurisdiction and, although on appeal we ruled the court lacked *in rem* jurisdiction over the property which was the subject of the forfeiture proceedings, we held that the court had *in personam* jurisdiction over the property's owner, and we upheld the forfeiture. Moreover, we perceive no due process violation in the court's judgment, as it is indisputable that Mr. Austin had notice of the proceedings, but evidently declined to participate therein.

Mr. Austin argues that the judgment violated double jeopardy, and on that basis is void. We disagree. While we have acknowledged that "[v]iolations of

other fundamental constitutional rights may give rise to voidness," <u>V.T.A., Inc.</u>, 597 F.2d at 225 n.11, that is not the case here. Mr. Austin's argument is based upon the Supreme Court's decision in <u>Ursery</u>, in which the court held that civil forfeitures generally are not punishments for double jeopardy purposes. Mr. Austin argues that <u>Ursery</u> "clearly indicates that two separate *in personam* actions punishing an individual for the same conduct violates the double jeopardy clause." Appellant's Br. at 3.

Mr. Austin misreads <u>Ursery</u>. <u>Ursery</u> discussed the same civil forfeiture statute—18 U.S.C. § 981—upon which the government relied in this case in instituting forfeiture proceedings against Nitsua's (and Mr. Austin's) property. The Court recognized its "traditional understanding that civil forfeiture does not constitute punishment for the purpose of the Double Jeopardy Clause." <u>Ursery</u>, 518 U.S. at 287. That understanding was based upon the nature of civil forfeitures, and the nonpunitive rationale supporting them. <u>See</u> <u>United States v. Bajakajian</u>, 118 S. Ct. 2028, 2035 (1998) ("Traditional in rem forfeitures were thus not considered punishment against the individual for an offense.").[3]

---

[3]The Supreme Court in dicta in <u>Bajakajian</u> did note that not "all modern civil in rem forfeitures are nonpunitive and thus beyond the coverage of the Excessive Fines Clause," 118 S. Ct. at 2035 n.6. But in the case before us, there is no indication that the civil in rem forfeiture was anything other than a nonpunitive forfeiture of, and an in rem proceeding against, property directly connected to, and obtained in connection with, the crime. <u>Bajakajian</u>, by contrast,
(continued...)

Mr. Austin appears to argue that, because the forfeiture proceedings against his property, which began *in rem,* were determined on appeal to be supported by *in personam* jurisdiction against Nitsua, Ursery's general proposition that civil *in rem* forfeitures are not punishment for double jeopardy purposes has no application. That turn of events does not alter the fundamental nature of the proceeding against the property which, under Ursery, was neither punitive nor directed personally against Mr. Austin.[4] We therefore reject his argument that Ursery compels the grant of Mr. Austin's Rule 60(b) motion. To the extent Mr. Austin pursues his excessive fines claim on appeal, we reject that as well.

---

[3](...continued)

involved the question of whether the forfeiture of a large sum of currency, in connection with the defendant's conviction for failure to report currency being taken out of the country, was an excessive fine. There was no evidence that the currency was connected with or resulted from illegal activity. Other than a casual reference to the Excessive Fines Clause of the Eighth Amendment in his brief, Mr. Austin fails to develop any Eighth Amendment argument on appeal, and, in any event, for the reasons stated above, Bajakajian provides no basis for any argument on the subject under the facts of this case.

[4]The government argues that Mr. Austin's double jeopardy argument must fail in part because he was not personally involved in the forfeiture proceedings, and was thus at no jeopardy at all. The government does not, however, dispute the district court's finding that Mr. Austin and Nitsua were alter egos, and "one and the same." Findings and Order at 3, Appellee's Add. at 3.

For the forgoing reasons, we AFFIRM the district court's denial of Mr. Austin's Rule 60(b) motion.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge