*Adella MITCHELL, Alta Begay, and Pahe Tsosie*
Petitioners-Appellees
*vs.*
*Elizabeth DAVIS and Anita Davis*
Respondents-Appellants
In the Supreme Court of the Navajo Nation

No. SC-CV-52-03

August 16, 2004

544

Samuel Pete, Esq., Shiprock, Navajo Nation, for Appellees.

John Chapela, Esq., Window Rock, Navajo Nation, for Appellants.

Before BATES ARTHUR, Chief Justice, and FERGUSON, Associate Justice.

Opinion delivered by BATES ARTHUR, Chief Justice.

This case concerns the scope of an appeal from a denial of a motion to set aside a judgment under Rule 60 of the Navajo Rules of Civil Procedure. Based on our review of the pleading[1] and the record, we affirm the decision of the Chinle Family Court. Our reasons are set forth below.

I

Appellees brought this case as a petition for quiet title seeking ownership of a congressional gold medal awarded to Roy Begay, a deceased Navajo Code Talker. In preparation for a trial, Appellants and Appellees agreed that one of the witnesses to testify would be Samuel Kee, Jr.. The pre-trial order, approved by all parties, identified Mr. Kee as Roy Begay's biological son. The parties later stipulated that the medal would be awarded based on a protocol of the Navajo Office of Veteran's Affairs and the Navajo Code Talkers Association. That protocol states that if the Code Talker is deceased, the medal should be awarded to the surviving child, in this case, Mr. Kee. No witnesses testified at the final

[1] Appellees did not file a brief in this case. We therefore review the case based on the record. *See* Navajo Rules of Civil Appellate Procedure 12(c).

hearing. At the hearing Appellants requested that the court require Mr. Kee to take a DNA test to establish his relationship to Mr. Begay. The Family Court did not order a test, but instead issued a written order on July 8, 2003 finding that Mr. Kee was Mr. Begay's son and awarding the medal to him. *Final Order Quieting Title to Congressional Gold Medal.*

Appellants did not file an appeal, and Appellees apparently filed an order to show cause for Appellants' failure to turn over the medal to Mr. Kee.[2] In response to the order to show cause, Appellants filed a pleading titled "Motion to Deny and Dismiss Order to Show Cause and Motion to Set Aside Final Quiet Title Order of July 8, 2003." In that document Appellants included a request for a new trial on the merits under Rule 59 and a request to set aside the final order quieting title to the medal under Rule 60 at the Navajo Rules of Civil Procedure. On October 21, 2003 the Family Court issued an order denying Appellants' motions. This appeal followed.

## II

The issue in this case is whether the Family Court abused its discretion in denying Appellants' motion to set aside a judgment under Rule 60 of the Navajo Rules of Civil Procedure.[3]

## III

As a preliminary matter, we must discuss the scope of an appeal from the denial of a Rule 60 motion. Appellants filed their Notice of Appeal after the denial of their motion to set aside the final order. Appellant's Notice of Appeal, filed on November 20, 2003, attaches both the July 8, 2003 final order and the October 21, 2003 Rule 60 order. Appellant's brief disputes the award of the medal, and therefore the merits of the July 8th final order.

This Court cannot review the merits of the final order. As pointed out by the Chinle Family Court in its Rule 60 order, Appellant chose not to appeal the final order, and instead sought a motion for relief from it under Rules 59 and 60. Appellants filed this appeal long after the thirty days expired to appeal the final order. This Court only has jurisdiction to review decisions appealed within thirty days of the decision. *Billie v. Abbott*, 5 Nav. R. 201, 202 (Nav. Sup. Ct. 1987). The Rule 60 motion did not toll the time to appeal the underlying final order. *See* Navajo Rules of Civil Appellate Procedure 8(b). We therefore lack jurisdiction to review that order.

2  The Family Court issued the July 8th Final Order under Docket No. CH-FC-1315-01, but the order to show cause and subsequent motion to set aside the judgment appears under Docket No. CH-FC-1351-01. The Family Court only provided the record in the original 1351 proceeding, and our reconstruction of the procedural history is based on references in the orders.

3  In their motion Appellants also requested a new trial under Rule 59, which the Family Court denied as untimely. We do not discuss the Family Court's denial of that motion in the body of this opinion. It is clear that the request was untimely, as beyond the fifteen day deadline after the issuance of the quiet title order. The Family Court therefore did not err.

Appellants timely appealed the Rule 60 order within the thirty days, and we therefore may review it. However, an appeal from a Rule 60 motion can only include reasons to overturn the denial of the motion itself, and cannot include arguments to overturn the original decision. Federal cases under the Federal Rules of Civil Procedure, from which we adopted our rules, *Reservation Business Services v. Albert*, 7 Nav. R. 123, 126 (Nav. Sup. Ct. 1995), are consistent with this principle. *E.g., Browder v. Director, Department of Corrections*, 434 U.S. 257, 263 n. 7 (1978); *Harman v. Harper*, 7 F.3d 1455, 1458 (9th Cir. 1993). As stated above, Appellants cannot attack the order awarding the medal to Samuel Kee under its appeal of the Family Court's denial of its Rule 60 motion. The only issue before this Court then is whether the Chinle Family Court erroneously denied Appellant's request to set aside the judgment under Rule 60. We discuss that issue below.

## IV

Like federal courts, we review the denial of a Rule 60 motion for an abuse of discretion, keeping in mind that such relief is extraordinary and can only be granted in exception circumstances. *See, e.g. LaFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003). Discretion means the discretion to act within certain boundaries of rules, principles and customs applied to the facts of the case. *In re Sheppard v. Dayzie*, 8 Nav. R. 430, 434 (Nav. Sup. Ct. 2004). If the court's decision was within its authority, we will not disturb that ruling absent a showing that it was "capricious and arbitrary." *Navajo Housing Authority v. Bluffview Resident Management Corporation*, 8 Nav. R. 402, 412 (Nav. Sup. Ct. 2003). In other words, we cannot replace the lower court's decision with our own if the lower court's decision was one it has the discretion to make, unless there is a showing that it otherwise was capricious and arbitrary. However, we review factual findings underlying a discretionary decision for clear error and the legal conclusions *de novo. Id.* A court abuses its discretion if it relies on erroneous factual findings or legal conclusions, because it is not empowered to make a decision based on erroneous reasons. *Id.* A misinterpretation of the Navajo Rules of Civil Procedure (Nav. R. Civ. P.) is an erroneous legal conclusion and therefore an abuse of discretion. *Id.* A discretionary decision is presumptively correct, and an appellant has the burden to show the abuse of discretion. *Id.*

Under this standard, we conclude the Chinle Family Court did not abuse its discretion. The purpose of Rule 60 is to balance the value in finality of judgments with the value of correcting serious mistakes in the process leading up to that judgment. *See Coltec Industries, Inc. v. Hobgood*, 280 F.3d 262, 271 (3rd Cir. 2002). Both finality and fairness are important Navajo Common Law values, *see Peabody Western Coal Co. v. Navajo Nation Labor Commission*, 8 Nav. R. 313, 318 (Nav. Sup. Ct. 2003) (finality); *Fort Defiance Housing Corp. v. Lowe*, 8 Nav. R. 463, 475 (Nav. Sup. Ct. 2003) (fairness), and therefore Rule 60 is consistent with central principles of the Navajo people. Under Rule 60(c) a trial court can set aside a judgment only for a

few reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud (whether denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or prior judgment has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the enforcement of the judgment. In this case the Family Court concluded that none of these reasons existed.

We see nothing in the Family Court's order denying Appellant's motion that was an abuse of discretion. The court was correct to point out that Appellants do not identify any of the six categories to set aside its order, but merely assert that Rule 60(c) is satisfied. Even giving Appellants the benefit of attempting to fit their reasons into one of the six categories, none are met in this case.

Appellants fail to fulfill either of the only two possible categories, fraud or the catch-all "any other reason." Nav. R. Civ. P. 60(c)(3), (6). Appellants have not shown fraud, though they do suggest Samuel Kee may not be the biological son of Roy Begay. Even assuming Mr. Kee is not the son of Mr. Begay, there is no evidence or even an allegation offered by Appellants in their motion that he fraudulently represented himself to be Mr. Begay's son. Further, the fraud must be by "an adverse party," that is by Appellees. There is no evidence in the record that Appellees tricked or otherwise falsely represented to Appellants that Mr. Kee was Mr. Begay's son. Indeed, the Pre-Trial Order of February 12, 2002 shows that Appellants stipulated to Mr. Kee's identification as Mr. Begay's son, and only at the final hearing did Appellants attempt to question his status. Appellant's request for DNA testing had nothing to do with any representation by Appellees, but appears to have been a late attempt to contest the award to Mr. Kee, after they agreed that the medal would go to him. Finally, the alleged failure of Appellants' counsel in representing their interests at the final hearing is not so egregious to allow this Court to overcome the recognized discretion of the Family Court and set aside the judgment under the catch-all provision of Rule 60(c)(6). The Family Court did not abuse its discretion.

V

Based on the above, we AFFIRM the Chinle Family Court.