OPINION

This is an appeal from the denial of a Rule 60(c) petition to vacate a final probate decree regarding the estate of the Decedent. We affirm the order of the Shiproek Family Court denying the petition, but on other grounds.
I
Following the death of Nat D. Benally on January 4, 2005, this case came before the Shiproek Family Court with the filing of a probate petition by Ms. Lucinda Henry on January 12, 2006. The trial court appointed Ms. Henry as the Administra-trix of the estate the following day, and Ms. Henry filed a final probate report and proposed distribution list on March 13, 2006. The Kees, declaring themselves to be “step children” of the Decedent, contested this appointment and the final probate report in a July 31, 2006 motion for an evidentiary hearing.
In the first evidentiary hearing on October 31, 2006, the Family Court determined that Ms. Lucinda Henry was the half sister of the Decedent though their father’s plural marriage with siblings (Lucy and Ida Benally). The court then ordered another evidentiary hearing on the issue of whether Navajo custom existed in this case, specifically whether step children could inherit under Navajo custom and tradition and whether Rule 6(10) of the Navajo Rules of Probate Procedure was applicable.
The family relationships in this case are complicated with plural marriages in two generations and an alleged common law marriage between Polly Shaggy and John Kee. See Figure 1 below.[1]

Figure 1

*249 Figure 1
[[Image here]]
The record suggests that the Kee children, Daniel, Donald, and Ida Mae, were born to Polly Shaggy and John Kee during the 1940s. John Kee is the half uncle to Lucinda and Nat through a plural marriage between Delliwoshie Fat Benally and two of John Kee’s half sisters. The exact relationship between Polly and John Kee is unclear. The record suggests that they lived together for some time before 1960; however, there is no evidence of a traditional marriage, marriage license, or a divorce decree. Polly and John Kee eventually separated, and when the children were aged 20, 16, and 13, Polly married Nat D. Benally and obtained a valid marriage license. The two lived together for the next thirty years until Polly’s death in 1990. John Kee had passed away in 1983 and Nat D. Benally passed away in 2005.
The Shiprock Family Court held a second evidentiary hearing on .January 22, 2007. Two experts testified on behalf of the Kees that under Navajo tradition and custom, the Kees should be considered children of the Decedent.
Relying on this expert testimony, the Shiprock Family Court issued an interlocutory order on April 19, 2007 that determined that the Kees should be considered children of the Decedent through his marriage with Polly Benally. The Family Court also relied on the testimony of the parties and the witnesses at the hearing to find a close relationship between the Kees and the Decedent. The Family Court noted specifically that the Decedent addressed the three children as “my son,” “my daughter,” or as “shi yazhi.” The Court also found evidence that the Kees, as children, lived in the same household as the Decedent and helped him with chores around the farm.
On January 29, 2008, the Shiprock Family Court issued its final probate decree, awarding the Appellees all the intestate property in dispute according to Rule 6(6) of the Navajo Rules of Probate Procedure. The estate consisted of two land use permits, a grazing permit, a Massey Ferguson tractor, various farm appliances, nine heads of cattle, a bag of old silver quarters, a metal A-Frame and hoist, and a sacred mountain bundle. Pursuant to this *250 order, the grazing and land use permits were later re-issued to the three Kee children on August 20, 2008.
In its Final Decree, the Family Court also determined that Ms. Henry would receive substantial other property from Nat D. Benally that would pass outside of the probate proceedings. These included a checking account of over fifty thousand dollars, a savings account containing a remainder of the Decedent’s Radiation Exposure Compensation Act (RECA) funds of over eighty thousand dollars, a truck, trailers, and other structures.
On July 29, 2008, through a new attorney, Ms. Henry moved to vacate the January 29, 2008 decision on a Rule 60(c) motion. She argued specifically that the final probate deeree was void because it was based on the “erroneous factual and legal conclusion that the ... Respondents are ‘issue’ of the Decedent.” (Pet’r’s Pet. for Relief from J. & Order at 1, July 29, 2008) On September 10, 2008, the Shiprock Family Court denied her Rule 60(c) petition. Ms. Henry appealed the denial of her petition to this Court on October, 8, 2008, and the Shiprock Family Court later issued a stay of its final probate decree on January 8, 2009 pending a decision from this Court.
II
The issues in this case are (1) whether the Rule 60(c) petition was filed within a reasonable time and (2) whether the Shi-prock Family Court abused its discretion in denying Appellant’s Rule 60(e) petition for relief from judgment and order.
III
The standard of review for the denial of a Rule 60 motion is abuse of discretion. Mitchell v. Davis, 8 Nav. R. 542, 546, 5 Am. Tribal Law 434 (Nav.Sup. Ct.2004). Discretion is defined as acting “within the rules, principles and customs applicable to the facts of the case.” Singer v. Nez, 8 Nav. R. 122, 128, 3 Am. Tribal Law 491 (Nav.Sup.Ct.2001). Conversely, an abuse of discretion occurs when the trial court relies on erroneous factual findings or legal conclusions. Mitchell v. Davis, 8 Nav. R. at 546, 5 Am. Tribal Law 434.
This Court reviews questions of law de novo; findings of fact underlying discretionary decisions are accepted by this Court unless they are clearly erroneous. Id. See also Higdon v. Nelson, 7 Nav. R. 158 (Nav.Sup.Ct.1995). However, given the Court’s decision on the first issue, the standard of review stated herein need not be applied.
IV
With regard to the first issue, this Court holds that Dine fundamental law as well as custom and tradition indicate that the Rule 60(c) petition in this probate case, filed six months after the final probate decree, was not filed in “reasonable time.” We thus affirm the Shiprock Family Court’s denial of the petition.
All Rule 60(c)(4) motions must be filed “within a reasonable time” after the judgment has been entered. The instant case concerns a petition under Rule 60(c)(4) filed six months after the final probate decree was entered and more than three years after the Decedent’s death.
 This question is a matter of first impression for this Court and we recognize that other jurisdictions can provide guidance on the definition of “reasonable time.” Federal courts have been fairly lenient in their definition of “reasonable time.”[2] *251 However, such delay and inaction regarding a probate matter is inconsistent with Navajo custom and tradition, which is very respectful of matters regarding death. It is not proper to talk about death or dying. In re Estate of Tsosie, 4 Nav. R. 198, 200 (W.R.Dist.Ct.1983). Moreover, burials and property distribution are to be accomplished without undue delay out of respect for the deceased and without dispute in order to protect surviving family members. Watson v. Watson, 8 Am. Tribal Law 135, 140 (Nav.Sup.Ct.2009). “Out of respect for the deceased,” kwá’ásiní báhozhdísin, means that prompt attention should be given to the disposition of property so as to allow the deceased to complete Life’s journey and so that the survivors can complete the transitional (cleansing) process to resume Life. Thereupon, one can treat and utilize the property as one’s own personal property. It should therefore not be surprising that this Court’s interpretation of “reasonable time” in probate matters, relying on Diñé fundamental law is shorter than a federal or state court’s conception of “reasonable time.”
We further recognize the Navajo principle of bit ch’i n ¡na or missed opportunity. The Appellant had the opportunity to present her own expert at the second eviden-tiary hearing, a fifteen-day window after entry of judgment to file a motion for a new trial,[3] as well as a thirty-day window after the time of entry to file an appeal to this Court.[4] However, she failed to take action in all three instances. During oral arguments, the only explanation given by Appellant’s Counsel for the non filing of an appeal after the final probate decree was that current counsel was not representing Appellant during that time. This is not a sufficiently compelling explanation for the six-month delay for this Court to grant a Rule 60 motion. As Appellees’ counsel argued, the non-filing of a motion for a new trial and of an appeal is a matter between the Appellant and her previous counsel. The Appellant will be held to the positions of both her current and previous counsel. Chavez v. Tome, 5 Nav. R. 183, 187-88 (Nav.Sup.Ct.1987) (holding that the Appellant was ably represented by his first attorney and that the Court “cannot be made the watchdog of the attorney-client relationship to assure that the client has made a good choice as to his attorney”). In the instant case, the filing of the Rule 60(c) petition appears to be an attempt to circumvent the appeal process and to prolong probate proceedings, and this Court will not allow it.
This Court emphasizes that relief under Rule 60 is exceptional and that the purpose of Rule 60(c) is to balance the finality of judgments with fairness. Mitchell v. Davis, 8 Nav. R. at 546, 5 Am. Tribal Law 434. In this case, the final probate decree had been issued and was not contested until six months later. During this time, the intestate property had been distributed and it is reasonable that Appellees had also applied for a re-issuance of the grazing and land use permits, which they received a few months after the petition was filed. Begay v. Alonzo, No. SC-CV-40-08, slip op. at 5 (Nav.Sup.Ct. November 7, 2008) (finding that “[tjhere has to be some expectation by a party that a judgment can be enforced if there is no timely appeal”). We hold that relief under Rule 60(c) is not warranted in this case.
Our decision regarding the first issue is dispositive of this appeal. Therefore we *252 need not reach the second issue at this time. We note that a determination of the second issue will raise sensitive questions implicating Navajo families as well as matters regarding the distribution of property of the deceased. The Court leaves this issue for another day since such a determination will require a thorough and balanced analysis of custom and traditional law that is not possible with the limited record before us.
V
The lack of a specific time frame for filing a Rule 60(c)(4) motion and the idea that matters involving decedents and decedents’ estates must be promptly adjudicated demonstrate how Rule 60(c) of the Navajo Rules of Civil Procedure as well as certain provisions of the Probate Code may have been promulgated without due consideration of whether or not these rules and laws were consistent with Dine fundamental law. This case necessitates that a timeline be set for Rule 60(c) motions in probate matters. For the foregoing reasons, we hereby hold that Rule 60(c) motions directed at probate judgments must be tiled within thirty days of the final probate decree.[5]
VI
Based on the above, the Court AFFIRMS the Shiprock Family Court’s Order to Deny Motion for Relief from Judgment or Order.

. The double line identifies Appellant, Lucinda Henry. The bolded lines indicate Appel-lees, the Kees. The dotted lines represent the relationships disputed in Appellant's brief to this Court. Everyone in the first and second generations displayed on the chart had passed away at the time of Nat Benally's death in 2005. In the third generation, names that are struck through indicate that the person has passed away.

. Beller & Keller v. Tyler, 120 F.3d 21, 24 (2d Cir.1997). See also U.S. v. 51 Pieces of Real *251 Property in Roswell, New Mexico, 153 F.3d 729, 1998 WL 440439 (10th Cir.1998) (finding a 1997 motion for relief from a 1992 void judgment not barred for failure to be brought within a reasonable time.)

. Nav. R. Civ. P. 59(d).

. Nav. R.App. P. 2(c); 7 N’.N.C. § 801.

. This holding does not affect the ability of a party in probate under Rule 10 of the Navajo Rules of Probate Procedure to file a motion to set aside a final probate order within a year after the order or decree is entered. A party may file a Rule 10 motion during this time if he was not present at the final hearing, either because he had no notice of the final hearing or his non-appearance was due to “[excusable! neglect or mistake”. In the motion, the party must further prove that “he has a valid interest in the estate and good grounds for his objections.”