**R. Dean HARMAN, Plaintiff–Appellee,**

v.

**Eva HARPER, Defendant–Appellant.**

**No. 92–16156.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 1993.*

Decided Nov. 1, 1993.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

James F. Matthews, Matthews, Boehm & Hammon, San Jose, CA, for defendant-appellant.

Diana E. Hoffman, John Kazubowski, Hoffman & Kazubowski, San Jose, CA, for plaintiff-appellee.

Before: HUG, SCHROEDER, and CANBY, Circuit Judges.

CANBY, Circuit Judge:

Defendant Eva Harper appeals an order of the district court correcting an earlier judgment and denying Rule 60(b) relief from that judgment. Insofar as Harper's appeal challenges the earlier judgment, entered after remand from this court, we dismiss the appeal. To the extent that the judgment challenges the denial of Rule 60(b) relief, we affirm.

## FACTS

This action was originally brought by Dean and Lynn Harman against Eva and Brainard Harper, and Harper Realty, Inc. The complaint alleged violations of state and federal securities laws, as well as state-law torts of fraud and misrepresentation. After a bench trial, the district court awarded plaintiffs judgment for compensatory and punitive damages on several counts, along with attorneys' fees. On appeal, we affirmed in part, reversed in part, and remanded for a recalculation of damages. *Harman v. Harper*, 914 F.2d 262 (9th Cir.1990) (amended memorandum). The only claims that survived for purposes of remand were state-law claims against Eva Harper.

On remand, the district court recalculated damages and entered judgment against Eva Harper on February 27, 1992. On March 16, 1992, Eva Harper filed a Rule 59(e) motion for new trial or amendment of judgment. That motion was filed four days after the expiration of the ten-day period specified by Rule 59 for the filing of such a motion; the district court denied it as untimely. No notice of appeal had been filed at that time, nor was any notice filed within the time permitted for appeal from the judgment entered on February 27, 1992.

On May 18, 1992, Eva Harper filed a motion under Rule 60(b) seeking the same relief sought in her untimely Rule 59(e) motion. Her counsel argued that he should be forgiven his untimeliness in bringing the prior motion because of the death of his father-in-law. The district court denied relief, stating that it had no power to extend the 10–day period for bringing a Rule 59(e) motion, and that it would not permit a Rule 60(b) motion to be used to revive or do service for a Rule 59(e) motion.

On its own motion, however, the district court ordered its earlier judgment to be corrected. The court stated that, "due to an oversight on the part of the Court," the punitive damage award to one of the plaintiffs had not been reduced to reflect a reduction in the compensatory damages on remand. The court, stating that it acted to correct an oversight pursuant to Rule 60(a), ordered the clerk to correct the earlier judgment by reducing an award of $100,000 punitive damages to $63,221.82, thereby maintaining proportionality between the compensatory and punitive awards.

On June 17, 1992, Eva Harper filed a notice of appeal from "the final judgment entered" on May 18, 1992,[1] and from the denial of Rule 60(b) relief on that same date.

The Harmans moved to dismiss the appeal as untimely. A motions panel referred that motion to this panel, and briefing on the

---

1. In fact, no corrected judgment had been entered; only the court's correction order had been filed. That fact does not affect the validity of this appeal, however. "[A]n order amending a final judgment is an appealable final order...." *Bank of California v. Arthur Andersen & Co.*, 709 F.2d 1174, 1176 (7th Cir.1983); *see also Shay v. Agricultural Stabilization and Conservation State Committee for Arizona*, 299 F.2d 516, 524 (9th Cir.1962) (order denying Rule 60(b) motion is appealable).

merits was completed. Eva Harper has filed briefs challenging the award of damages against her on remand; she contends that the merits of the entire judgment are properly appealable pursuant to her notice of appeal of June 17, 1992. We disagree.

## APPEAL FROM THE JUDGMENT

█ The district court stated that it was correcting its judgment pursuant to Fed.R.Civ.P. 60(a). So long as the court's correction was intended to conform the judgment to the original intention of the court, the invocation of Rule 60(a) was proper. *See Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1445 (9th Cir.1990) (court may amend order canceling trademark to add two additional trademarks; "[a] district court judge may properly invoke Rule 60(a) to make a judgment reflect the actual intentions and necessary implications of the court's decision."); *Jones & Guerrero Co., Inc. v. Sealift Pacific*, 650 F.2d 1072 (9th Cir.1981) (district court properly invoked Rule 60(a) to amend order dismissing case against Guerrero since it never intended to do so; Rule 60(b) inapplicable). *See also Blanton v. Anzalone*, 813 F.2d 1574, 1577 n. 3 (9th Cir.1987) (invoking Rule 60(a) to delete an award of prejudgment interest):

> The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court changes its mind....

█ Harper contends that the court's modification went beyond the mere correction of a ministerial mistake, and consequently cannot be a Rule 60(a) correction. We need not decide that question, however, for Harper's appeal must fail either way. If the district court properly acted under Rule 60(a), then the correction did not start a new appeal time running. *See In re Cobb*, 750 F.2d 477, 479 (5th Cir.1985) ("Corrections under Rule 60(a) do not affect the underlying judgment, and, consistent therewith, do not affect the time for filing a notice of appeal.") (citation omitted); *see also International Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir.1977), *cert. denied*, 434 U.S. 1014, 98

S.Ct. 730, 54 L.Ed.2d 758 (1978) (same); *United States v. 1,431.80 Acres of Land*, 466 F.2d 820, 822 (8th Cir.1972) (same); *Scola v. Boat Frances, R., Inc.*, 618 F.2d 147, 152 n. 2 (1st Cir.1980) (same). The time for Harper to appeal the original remand judgment therefore expired 30 days after entry of the original remand judgment on February 27, 1992. Fed.R.App.P. 4(a)(1). Harper's appeal of the original remand judgment is therefore untimely.

█ If, on the other hand, the district court's modification of the original remand judgment went beyond the limits of Rule 60(a), it would amount to a grant of Rule 60(b) relief. *See Waggoner v. R. McGray, Inc.*, 743 F.2d 643, 645 (9th Cir.1984) ("error regarding the legal effect of [stipulated judgment] was one of law and therefore [could] be corrected only under Rule 60(b)"). In that event, Harper is no better off. The only modification that the district court made to its earlier judgment was favorable to Harper; it reduced the punitive damages award against her. That amendment cannot possibly subject the entire original judgment to a new opportunity for Harper to appeal.

> [Statutes that limit appellate jurisdiction to review within a prescribed period] are not to be applied so as to permit a tolling of their time limitations because some event occurred in the lower court after judgment was rendered *which is of no import to the matters to be dealt with on review.*

*Federal Trade Comm'n v. Minneapolis–Honeywell Co.*, 344 U.S. 206, 213, 73 S.Ct. 245, 249–50, 97 L.Ed. 245 (1952) (emphasis added); *see also Buggs v. Elgin, Joliet & Eastern Ry. Co.*, 852 F.2d 318, 323 (7th Cir.1988) (Rule 60(b) amendment does not open original judgment to new appeal when the amendment creates no new incentive to appeal original judgment). The only issue presented by Harper's appeal from the court's amending order is the validity of the amendment itself. *See Buggs*, 852 F.2d at 323.

Harper does not attack, of course, the district court's exercise of discretion in correcting the judgment to Harper's advantage. Instead, she attempts to attack the underly-

**1458**

ing judgment, which is not the subject of this appeal from the grant of Rule 60(b) relief.

Harper's attempt to appeal the underlying remand judgment accordingly fails, whether the district court modified its judgment pursuant to Rule 60(a) or Rule 60(b). Insofar as her appeal attacks the underlying judgment, it is dismissed.

## APPEAL FROM DENIAL OF RULE 60(b) RELIEF

■ Harper's notice of appeal indicated that she appealed in part from the denial of her motion for Rule 60(b) relief. We review an appeal from the denial of Rule 60(b) relief for an abuse of discretion in denying the motion; the appeal does not bring the entire underlying judgment up for review. *Browder v. Director, Dept. of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); *Fiester v. Turner*, 783 F.2d 1474, 1476 (9th Cir.1986).

Harper's motion in the district court asked that she be relieved from the consequences of the late filing of her Rule 59(e) motion. The district court denied relief on the ground, among others, that it had no power to extend the time limit for filing a Rule 59(e) motion.

■ Harper has apparently abandoned her appeal of the denial of Rule 60(b) relief, because she has not briefed the issue; she only challenges the underlying judgment. In any event, the district court was correct; it had no power to extend the time for filing a Rule 59(e) motion. *Scott v. Younger*, 739 F.2d 1464, 1467 (9th Cir.1984). The district court certainly did not abuse its discretion in denying the requested relief.

## CONCLUSION

Harper's appeal of the underlying judgment is dismissed for lack of jurisdiction. The district court's order amending the remand judgment and denying Harper's motion for Rule 60(b) relief is affirmed. Costs in favor of appellee.

DISMISSED IN PART; AFFIRMED IN PART.