141 F.3d 1183
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Araya WOLDE-GIORGIS, Dr., and his family members, Plaintiff-Appellant,
v.
William P. SCHRADER, President, Salt River Valley Water
Users Association and Salt River Project Agricultural
Improvement and Power District (SRP); Salt River Project
Agricultural Improvement and Power District; Salt River
Valley Water Users Association, Defendants-Appellees
 No. 97-15742.
D.C. No. CV-94-02556-RGS.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted Mar. 10, 1998**.
Decided Mar. 17, 1998.
 
 Appeal from the United States District Court for the District of Arizona Roger G. Strand, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Araya Wolde-Giorgis appeals pro se the district court's grant of summary judgment to defendants in his consolidated actions alleging that the Salt River Project Agricultural Improvement and Power District disconnected his electrical service for discriminatory and retaliatory reasons, rather than because he failed to pay his electric bills. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the grant of summary judgment and we affirm. See Jesinger v. Nevada, 24 F.3d 1127, 1130 (9th Cir.1994).
 
 
 3
 Because Giorgis received adequate notice of summary judgment, see Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986) (stating that the district court had no affirmative duty to inform a non-prisoner pro se litigant of the need to file affidavits or other evidentiary matter in opposition to summary judgment), and failed to present evidence raising a genuine issue of material fact, the district court properly granted summary judgment. See Jesinger, 24 F.3d at 1130.
 
 
 4
 The district did not abuse its discretion by denying Giorgis's motion to amend judgment pursuant to Federal Rule of Civil Procedure 59(e) because it was untimely, see Harman v. Harper, 7 F.3d 1455, 1458 (9th Cir.1993), or by denying Giorgis's motion for new trial because it did not contain newly discovered evidence which by reasonable diligence was not discoverable at the time of judgment. See Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir.1990).
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We reject Giorgis's contention that the district judge was biased because Giorgis presents no basis for this contention. See Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)