142 F.3d 445
 2 Cal. Bankr. Ct. Rep. 48
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: TRANSMARE, INC., Debtor,
Levern Seal, d/b/a National Liquidators; Plaintiff-Appellant,
Estate of New Horizons Adoption Agency, Claimant-Appellee,
v.
Neal G. Jensen; Joseph Womack, Trustees.
 Nos. 96-36022, 97-35243.
D.C. No. CV-95-00053-PGH.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted February 3, 1998.
Decided April 23, 1998.
 
 1
 Appeal from the United States District Court for the District of Montana Paul G. Hatfield, District Judge, Presiding.
 
 
 2
 Before BRUNETTI, RYMER and KLEINFELD, Circuit JJ.
 
 
 3
 MEMORANDUM*
 
 
 4
 Seal's notice of appeal was not filed within 10 days of the order, as required by Bankruptcy Rule 8002(a). His motion for reconsideration was filed more than 10 days after the bankruptcy court's June 12, 1995 order, so could not be treated as a motion for reconsideration subject to Fed.R.Civ.P. 59(e). His motion for reconsideration therefore must be treated as one to vacate the judgment under Fed.R.Civ.P. 60(b).
 
 
 5
 Seal's standing under Rule 60(b) is questionable. Rule 60(b) says that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding." Seal was not a "party" or "party's legal representative." He was a party's successor in interest. He did not appear and make himself a party.
 
 
 6
 But two decisions of ours raise a question whether his lack of party status precludes his position. In re Center Wholesale, Inc., 759 F.2d 1440 (9th Cir.1985), holds that a creditor, who did not attend a bankruptcy court hearing where a cash collateral order was signed, had "standing to bring a Rule 60(b) motion challenging" an order because the creditor "had property rights affected by" the order. Id. at 1445. We have also held that "a non-party may seek [Rule 60(b) ] relief from a judgment procured by fraud if the nonparty's interests are directly affected." Eyak Native Village v. Exxon Corp., 25 F.3d 773, 777 (9th Cir.1994). Therefore, we assume without deciding that Seal had standing to bring his Rule 60(b) motion.
 
 
 7
 The bankruptcy court was within its discretion to deny the motion. First, Seal was not entitled to notice of the May 9, 1995 hearing. Bankruptcy Rule 3007 entitled only "the claimant, the debtor or debtor in possession and the trustee" to notice. Seal fell into none of these three categories. Nor did he file the "request for special notice" provided for by Montana Local Bankruptcy Form 23. That Seal was the successor in interest to the trustee's claim against New Horizons did not create an entitlement to notice as "the trustee." He was not the trustee. After purchasing his claim from the trustee, it was incumbent upon Seal to protect his interest by requesting notice, if he wished to be informed of hearings.
 
 
 8
 Second, no subsection of Rule 60(b) entitles Seal to relief. It may be that the bankruptcy court erred in ruling that foreign adoptions were illegal in Macedonia. The record supports the contrary proposition, that foreign adoptions were legal, and that the Temple adoption failed because of the Macedonian prohibition on adoption by a "mentally disturbed" person. Macedonia Law of Adoption Article 11(d). But Rule 60(b) "does not bring the entire underlying judgment up for review." Harmon v. Harper, 7 F.3d 1455, 1458 (9th Cir.1993). At most, Seal demonstrated ordinary error, and not "mistake," or "newly discovered evidence which by due diligence could not have been discovered," in the sense required by Fed.R.Civ.P. 60(b)(1) and (b)(2). See Title v. United States, 263 F.2d 28, 31 (9th Cir.1959) ("Rule 60(b) was not intended to provide relief for error on the part of the court or to afford a substitute for appeal"); see also School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993) (upholding district court's refusal to grant motion pursuant to Rule 60(b)(2) because documents presented for the first time in the motion to reconsider "had been available ... from the beginning of the case").
 
 
 9
 Seal also failed to demonstrate "fraud, misrepresentation, or other misconduct" pursuant to Rule 60(b)(3). Although New Horizon's homestudy concerning the Tempels minimized the extent of their mental health problems, it did not entirely hide them. Seal did not "prove by clear and convincing evidence that the [bankruptcy court's order] was obtained through fraud," nor did he "establish that the conduct complained of prevented him from fully and fairly presenting his case." Jones v. Aero/Chem Corp., 921 F.2d 878-79 (9th Cir.1990).
 
 
 10
 We intimate no view on what if any res judicata or collateral estoppel effect the bankruptcy court decision may have upon Mr. Seal's claim against New Horizons.
 
 
 11
 For the same reasons, assuming it had jurisdiction, the district court properly denied Seal's 60(b) motion in appeal no. 97-35243.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3