**GLENDORA, Plaintiff—Appellant,**

v.

**Peggie ANDERSON; et al., Defendants—Appellees.**

No. 02–15608.
D.C. No. CV–01–01400–PMP.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Jan. 24, 2003.

Before HUG, O'SCANNLAIN and TASHIMA, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

AMENDED MEMORANDUM**

Glendora appeals pro se the district court's judgment dismissing her action for lack of venue and its order denying relief from judgment. Because Glendora filed her Fed.R.Civ.P. 60(b) motion 25 days after the entry of judgment, we have jurisdiction only to review the March 8, 2002 order. See Fed. R.App. P. 4(a)(4)(A)(vi). We affirm.

The Nevada district court dismissed the action for lack of venue because the proper venue for bringing this action is the state of New York. The plaintiff's motion for relief from judgment, filed more than 10 business days after entry of judgment, did not toll the 30 day period in which to appeal the underlying judgment. See Fed. R.App. P. 4(a)(1)(A) & 4(a)(4)(A)(vi); Fed. R.Civ.P. 6(a); *Harman v. Harper*, 7 F.3d 1455, 1458 (9th Cir.1993). However, because the plaintiff timely filed her notice of appeal within 30 days of the district court's order denying her post-judgment motion, we may review that order. See *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898 (9th Cir.2001) (concluding amended notice of appeal timely as to order denying reconsideration pursuant to Rule 60(b)).

The district court did not abuse its discretion by denying Glendora's motion for relief from judgment because the sole ground for relief presented was that jurisdiction was predicated on the diversity of the parties. Proper venue is required even where diversity jurisdiction is present. See 28 U.S.C. § 1391(a). Moreover, because only one of the defendants was a citizen of Connecticut and all the rest were citizens of New York, complete diversity was lacking. See 28 U.S.C. § 1332(a)(1);

*Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir.2001). The district court properly declined to reach the merits of the dispute because the merits may only be decided by a court with jurisdiction and venue. *See* 28 U.S.C. § 1406(a) (requiring district court to dismiss when action is filed in the wrong venue).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.