Tracey **BUEL,** Plaintiff–Appellant,

v.

**CITY AND COUNTY OF SAN FRANCISCO, et al. Defendants—Appellees.**

No. 04–15547.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2005.

Decided Jan. 5, 2006.

Thomas P. Greerty, Esq., Law Offices of Thomas P. Greerty, Martinez, CA, Lizabeth N. De Vries, Esq., The Scott Law Firm, San Francisco, CA, for Plaintiff–Appellant.

Kathleen S. Morris, Sherri Sokeland Kaiser, Esq., San Francisco City Attorney's Office, San Francisco, CA, for Defendants–Appellees.

Before: TROTT, T.G. NELSON, and PAEZ, Circuit Judges.

---

MEMORANDUM *

Tracey Buel appeals the district court's dismissal with prejudice of her 42 U.S.C. § 1983 claims against the City and County of San Francisco ("San Francisco"), its denial of her motion for leave to amend her complaint, and its denial of her motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. § 1291. For the reasons set forth below, we affirm.

## I. The district court did not err in dismissing Buel's complaint with prejudice

### A. Buel's complaint failed to state a claim for municipal liability under § 1983

■ The district court properly granted San Francisco's Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings because Buel's complaint lacked an allegation of municipal liability.[1] A plaintiff asserting a § 1983 claim against a municipality must make at least "a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." [2] Buel's complaint did not include such an allegation and, therefore, dismissal was proper as the complaint did not state a claim.[3]

### B. The district court was well within its discretion when it dismissed Buel's complaint with prejudice

■ Due to the late stage at which Buel sought leave to amend, Federal Rule of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We treat the district court's dismissal as a Rule 12(c) judgment on the pleadings because San Francisco moved for dismissal after the period for pleadings had closed and the district court solely based its decision on the four corners of the complaint. *See* Fed.R.Civ.P.

12(c); *Elvig v. Calvin Presbyterian Church,* 375 F.3d 951, 954–55 & n. 1 (9th Cir.2004).

2. *Shah v. County of Los Angeles,* 797 F.2d 743, 747 (9th Cir.1986); *see Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

3. *See Molina v. Richardson,* 578 F.2d 846, 848 (9th Cir.1978).

Civil Procedure 16(b) governed the court's discretion to dismiss Buel's complaint with prejudice.[4] Rule 16(b) permits the court greater discretion than under Rule 15(a) to dispose of deficient complaints without granting leave to amend.[5] Under the Rule 16(b) standard, the district court acted well within its discretion in dismissing Buel's complaint with prejudice.[6] The court found that Buel was not diligent and that her lack of diligence resulted in her failure to amend her complaint.[7]

## II. The district court did not abuse its discretion when it denied Buel's initial motion for leave to amend her complaint and her renewed motion for the same relief

■ Applying Federal Rule of Civil Procedure 16(b), the district court properly concluded that Buel had not exhibited the diligence required to show good cause to modify the court's scheduling order.[8] Buel knew of the inadequacy of her complaint at least two months before the deadline for amendments had expired and did not seek to extend the deadline at that time.[9]

■ The district court also properly denied Buel's renewed motion for leave to amend.[10] Buel did not show that she had discovered new evidence since the court had denied her initial motion to amend.[11]

**AFFIRMED.**

---

4. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir.1992) (holding that "[o]nce the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending the pleadings[,] that rule's standards controlled").

5. *Compare Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003) (explaining that Federal Rule of Civil Procedure 15(a)'s liberal amendment policy limits a district court's discretion to dismiss a complaint with prejudice if an amendment could save the complaint), *with Johnson*, 975 F.2d at 607–09 (suggesting that a district court's discretion to dispose of deficient pleadings increases after the deadlines set forth in its scheduling order have elapsed).

6. *See Johnson*, 975 F.2d at 609 (setting forth Rule 16(b)'s "good cause" standard).

7. *Johnson*, 975 F.2d at 609 (holding that Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking to modify the court's scheduling order); *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000) (noting that reversal under the abuse of discretion standard is possible only "when the appellate court is convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances").

8. *Id.*

9. *See Johnson*, 975 F.2d at 607–09.

10. *Harman v. Harper*, 7 F.3d 1455, 1458 (9th Cir.1993).

11. *See* Fed.R.Civ.P. 60(b); *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir.1990).