**Peter ERIKSEN, Plaintiff—Appellant,**

v.

**CHELAN COUNTY; et al., Defendants—Appellees.**

No. 05–36203.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.[*]

Filed June 13, 2007.

Peter Eriksen, Royal, WA, pro se.

Gary A. Riesen, Esq., Chelan County Prosecuting Attorney, Wenatchee, WA, Brian A. Christensen, Esq., Canfield & Associates, Jennifer D. Homer, Esq., Jerry J. Moberg, Esq., Jerry Moberg & Associates, Stephen J. Hallstrom, Grant County Jail, Thomas Middleton, Ephrata, WA, John P. Bowman, Esq., Edward J. Bruya, Esq., Keefe King & Bowman, Spokane, WA, for Defendants–Appellees.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM [**]

The district court denied Peter Eriksen's second motion for reconsideration of the order dismissing Eriksen's claims alleging violations of his state and federal constitutional rights and state tort law. Eriksen appeals. We review for abuse of

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

discretion, *see Harman v. Harper*, 7 F.3d 1455, 1458 (9th Cir.1993), and affirm.

The district court construed Eriksen's motion for reconsideration as a Fed. R.Civ.P. 60(b) motion to obtain relief from judgment or order. "Rule 60 is 'remedial in nature and ... must be liberally applied.'" *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir.2001) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984)). Eriksen's motion made numerous arguments regarding the Kundert Family Trust that led to his arrest, and argued the merits of his subsequent 42 U.S.C. § 1983 and state tort claims.

The motion does not, however, identify an error in the judgment or otherwise provide a factual or legal basis for awarding relief under Rule 60(b). The district court did not abuse its discretion.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.