FILED

NOT FOR PUBLICATION

MAY 23 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT ICHO; ICHO GROUP, INC., | No. 10-15386 |
| Plaintiffs-Appellees, | D.C. No. 5:01-cv-20858-JF |
| v. | |
| MC HAMMER, aka STANLEY K. BURRELL, | MEMORANDUM[*] |
| Defendant-Appellant. | |
| and | |
| PACKETSWITCH.COM INC, et; | |

Appeal from the United States District Court
for the Northern District of California
Jeremy Fogel, District Judge, Presiding

Argued and Submitted April 12, 2011
San Francisco, California

Before: GOODWIN and N.R. SMITH, Circuit Judges, and COLLINS, District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

MC Hammer, aka Stanley Burrell, appeals the denial of his motion to set aside default and vacate an amended default judgment obtained against him in a securities fraud action filed by Robert Icho and Icho Group, Inc. We review for an abuse of discretion the district court's granting of a Rule 60(a) motion, denial of a Rule 55(c) motion, and denial of a Rule 60(b) motion. *Cintron v. Union Pacific Railroad Co.*, 813 F.2d 917, 919 (9th Cir. 1987) (Rule 60(a) motion); *Franchise Holding II v. Huntington Rests. Group, Inc.,* 375 F.3d 922, 925 (9th Cir. 2004) (Rule 55(c) motion); *Fantasyland Video, Inc. v. County of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007) (Rule 60(b) motion). We affirm.

Under Federal Rule of Civil Procedure 60(a), a district court may "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Relief under Rule 60(a) is not limited to clerical mistakes committed only by the clerk; the Rule applies to mistakes by the court, the parties, and the jury as well. *See Day v. McDonough*, 547 U.S. 198, 210-11 (2006).

The district court properly exercised its discretion under Rule 60(a) to correct a clerical error in the original default judgment. The Complaint was served on M.C. Hammer, with an "also known as" name of Stanley "Berrell." There is no question that service was proper or that Burrell had notice of the proceedings

2

against him.[1]  Because service was proper, this amendment was not a substantive change but remedied a misspelling of the "also known as" name of a correctly identified defendant.  *See Harman v. Harper*, 7 F.3d 1455, 1457 (9th Cir. 1993) ("The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court changes its mind").  The district court simply corrected a "blunder in execution" and did not "change its mind."  Thus, the district court did not abuse its discretion in correcting the spelling of Mr. Burrell's last name under Rule 60(a).

Federal Rule of Civil Procedure 60(b)(1) permits a court to reopen judgments for reasons of "mistake, inadvertence, surprise, or excusable neglect, but only on motion made within one year of the judgment."  *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393 (1993) (internal quotation marks omitted).  If a 60(b)(1) motion is untimely, the district court lacks jurisdiction to consider the merits of the motion.  *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989). The district court entered default judgement on June 10, 2002.  Burrell did not move for relief until over seven years later on September 11, 2009.  Thus, Burrell failed to move for relief within one year, as required by

---

[1]    Burrell does not appeal the district court's finding that service was proper.

3

the limitation on 60(b)(1) motions. Burrell argues that the correction of the spelling of his also known as name under Rule 60(a) affects his substantive rights and thus resets the running of the one year limitation set out in 60(b)(1). However, corrections under 60(a) do not toll applicable time limitations. *Cf. Harman*, 7 F.3d at 1457 ("Corrections under Rule 60(a) do not affect the underlying judgment, and, consistent therewith, do not affect the time for filing a notice of appeal." ). As such, the district court lacked jurisdiction to consider the merits of the motion to vacate default judgment. *See Lyon v. Augusta S.P.A.*, 252 F.3d 1078, 1088 (9th Cir. 2001).[2]

Further, the district court did not abuse its discretion in denying Burrell's Rule 55(c) motion to vacate entry of default. The Federal Rules provide that a "court may set aside an entry of default for good cause . . . ." FED.R.CIV.P. 55(c). To determine "good cause", a court must "consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [they] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party. *See Franchise Holding II*, 375 F.3d at 925-26 (citations omitted). "This standard . . . is

---

[2]    The subject matter of the motion was covered by 60(b)(1). Thus, other subsections of 60(b), such as 60(b)(6), are not available. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 n.11 (1988).

4

disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citations omitted). This Circuit has held that a "defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Alan Neuman Prods. Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). Culpability involves "not simply nonappearance following receipt of notice of the action, but rather conduct which hindered judicial proceedings . . . ." *Gregorian v. Izvestia*, 871 F.2d 1515, 1525 (9th Cir. 1989).

The district court did not abuse its discretion when it conducted the requisite test to determine good cause and applied this legal standard in a way that was neither illogical, implausible, nor unsupported by the record. *See United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc) (discussing abuse of discretion analysis). The district court found Burrell's culpable conduct led to the default judgment and relied on pertinent factors such as—(1) Burrell's status as a sophisticated business man; (2) Burrell's admission that he ignored documents addressed to Stanley "Berrell"; (3) evidence in the record suggesting Burrell disregarded several conspicuous indications that he was a party to a lawsuit; and (4) the fact that Burrell appeared for the debtor's examination in 2004. The district

5

court's finding of Burrell's culpability is supported by the record.  There is sufficient evidence to suggest Burrell intentionally failed to answer, thereby hindering the judicial proceedings.

**AFFIRMED.**

<u>Icho v. MC Hammer</u>, 10-15386

GOODWIN, Circuit Judge, dissenting:

I respectfully dissent. Changing Stanley Burrell's name on the default judgment under Federal Rule of Civil Procedure 60(a) altered the substantive rights of the parties.

Further, this change cannot be insulated from review simply by being backdated. Finally, it was an abuse of discretion for the district court to switch back and forth between using Burrell's true name and an incorrect name, then to deny his Rule 60(b) motion, thereby preventing the Plaintiff's claims from being decided on the merits.

The district court correctly noted that Rule 60(a) cannot be used to make changes that alter parties' substantive rights. *See Hasbrouck v. Texaco, Inc.*, 879 F.2d 632, 636 (9th Cir. 1989). A writ of execution for money judgment and a garnishment order for withholding earnings against "Berrell" failed to collect on the judgement.

That a judgement against "Berrell" could not be executed, while one against "Burrell" can be executed makes plain that substantive rights were altered by changing the name on the judgment. Using Rule 60(a) to make such a change is wrong as a matter of law.

Backdating the change of a party's name is also problematic. The district

court and the Plaintiff were aware of Burrell's true name years before the name on the default judgement was changed, as evidenced by the use of "Burrell" on the order to appear for a debtor's exam. Burrell complied with the order that used his true name. Nonetheless, and quite inexplicably, the district court reverted to using "Berrell" during further proceedings, later altering the name on the judgement *nunc pro tunc*. The majority holds that the effect of backdating is to deprive the courts of jurisdiction to consider the merits of Burrell's motion for relief. Nonetheless, it is impossible for me to see how the district court could have been aware of Burrell's true name, entered judgement against a different name, only to later refer to the act as a clerical error corrected *nunc pro tunc*.

Default judgements, moreover, are appropriate only in extreme circumstances. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695, (9th Cir. 2001). Relief from judgment under Rule 60(b)(6) can be had for any reason that justifies relief, and such relief should be "liberally applied." *TCI Group Life Ins. Plan*, 244 F.3d at 695. "[W]here there has been no merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." *Id.* The allowable time to bring a Rule 60(b)(6) motion need only pass a reasonableness test. Fed. R. Civ. P. 60(c)(1). Extraordinary

2

circumstances can extend a reasonable period far beyond one year. *Washington v. Penwell*, 700 F.2d 570, 572-73 (9th Cir. 1983), *abrogated on other grounds as recognized by Jeff D. v. Kempthorne*, 365 F.3d 844, 852 (9th Cir. 2004).

Calling a party into a debtor examination under his true name then later filing a judgment against him under another incorrect name is both illogical and extraordinary. Denying the Rule 60(b) motion was an abuse of discretion.[1] I would vacate the amended default judgement and remand to let the district court decide Plaintiff's claims on their merits, if any, as this circuit's precedents and good sense require. *See TCI Group Life Ins. Plan*, 244 F.3d at 695; 12 J. Moore, Fed.Prac. ¶ 60.22[3][a].

---

[1]The majority suggests that relief from judgement under Rule 60(b)(6) is not available since the subject matter of the motion falls under Rule 60(b)(1). While it is correct that the subject matter of the motion can only fall under one Rule 60(b) subsection, this circuit has long recast a party's own characterization of subject matter from one subsection to another. *See McKinney v. Boyle*, 404 F.2d 632, 634 (9th Cir. 1968). The facts here are not that the Plaintiff merely misspelled Burrell's name. The court's use of Burrell's true name to call him in for a debtor's exam, only to revert to using "Berrell" on the judgement removes the subject matter from Rule 60(b)(1). In is within this court's discretion to recognize this situation as a "reason that justifies relief" and an extraordinary circumstance under Rule 60(b)(6).