MEMORANDUM **
MC Hammer, aka Stanley Burrell, appeals the denial of his motion to set aside default and vacate an amended default judgment obtained against him in a securities fraud action filed by Robert Icho and Icho Group, Inc. We review for an abuse of discretion the district court’s granting of a Rule 60(a) motion, denial of a Rule 55(c) motion, and denial of a Rule 60(b) motion. Cintron v. Union Pacific Railroad Co., 813 F.2d 917, 919 (9th Cir.1987) (Rule 60(a) motion); Franchise Holding II v. Huntington Rests. Group, Inc., 375 F.3d 922, 925 (9th Cir.2004) (Rule 55(c) motion); Fantasyland Video, Inc. v. County of San Diego, 505 F.3d 996, 1005 (9th Cir.2007) (Rule 60(b) motion). We affirm.
Under Federal Rule of Civil Procedure 60(a), a district court may “correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.” Relief under Rule 60(a) is not limited to clerical mistakes committed only by the clerk; the Rule applies to mistakes by the court, the parties, and the jury as well. See Day v. McDonough, 547 U.S. 198, 210-11, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006).
The district court properly exercised its discretion under Rule 60(a) to correct a clerical error in the original default judgment. The Complaint was served on M.C. Hammer, with an “also known as” name of Stanley “Berrell.” There is no question that service was proper or that Burrell had notice of the proceedings against him.[1] Because service was proper, this amendment was not a substantive change but remedied a misspelling of the “also known as” name of a correctly identified defendant. See Har-man v. Harper, 7 F.3d 1455, 1457 (9th Cir.1993) (“The basic distinction between ‘clerical mistakes’ and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of ‘blunders in execution’ whereas the latter consist of instances where the court changes its mind”). The district court simply corrected a “blunder in execution” and did not “change its mind.” Thus, the district court did not abuse its discretion in correcting the spelling of Mr. Burrell’s last name under Rule 60(a).
Federal Rule of Civil Procedure 60(b)(1) permits a court to reopen judgments for reasons of “mistake, inadvertence, surprise, or excusable neglect, but only on motion made within one year of the judgment.” Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 393, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (internal quotation marks omitted). If a 60(b)(1) motion is untimely, the district court lacks jurisdiction to consider the merits of the motion. Nevitt v. United States, 886 F.2d 1187, 1188 (9th Cir.1989). The district court entered default judgement on June 10, 2002. Burrell did not move for relief until over seven years later on September 2009. *590 Thus, Burrell failed to move for relief within one year, as required by the limitation on 60(b)(1) motions. Burrell argues that the correction of the spelling of his also known as name under Rule 60(a) affects his substantive rights and thus resets the running of the one year limitation set out in 60(b)(1). However, corrections under 60(a) do not toll applicable time limitations. Cf. Harman, 7 F.3d at 1457 (“Corrections under Rule 60(a) do not affect the underlying judgment, and, consistent therewith, do not affect the time for filing a notice of appeal.”). As such, the district court lacked jurisdiction to consider the merits of the motion to vacate default judgment. See Lyon v. Agusta S.P.A., 252 F.3d 1078, 1088 (9th Cir.2001).[2]
Further, the district court did not abuse its discretion in denying Burrell’s Rule 55(c) motion to vacate entry of default. The Federal Rules provide that a “court may set aside an entry of default for good cause.... ” Fed.R.Civ.P. 55(c). To determine “good cause”, a court must “eonsider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [they] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice” the other party. See Franchise Holding II, 375 F.3d at 925-26 (citations omitted). “This standard ... is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default.” United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir.2010) (citations omitted). This Circuit has held that a “defendant’s conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer.” Alan Neuman Prods. Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir.1988). Culpability. involves “not simply nonappearance following receipt of notice of the action, but rather conduct which hindered judicial proceedings....” Gregorian v. Izvestia, 871 F.2d 1515, 1525 (9th Cir.1989).
The district court did not abuse its discretion when it conducted the requisite test to determine good cause and applied this legal standard in a way that was neither illogical, implausible, nor unsupported by the record. See United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir.2009) (en banc) (discussing abuse of discretion analysis). The district court found Burrell’s culpable conduct led to the default judgment and relied on pertinent factors such as — (1) Burrell’s status as a sophisticated business man; (2) Burrell’s admission that he ignored documents addressed to Stanley “Berrell”; (3) evidence in the record suggesting Burrell disregarded several conspicuous indications that he was a party to a lawsuit; and (4) the fact that Burrell appeared for the debtor’s examination in 2004. The district court’s finding of Burrell’s culpability is supported by the record. There is sufficient evidence to suggest Burrell intentionally failed to answer, thereby hindering the judicial proceedings.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Burrell does not appeal the district court’s finding that service was proper.

. The subject matter of the motion was covered by 60(b)(1). Thus, other subsections of 60(b), such as 60(b)(6), are not available. Lil-jeberg v. Health Services Acquisition Corp., 486 U.S. 847, 864 n. 11, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988).