**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DAVID J. DEJEU, | No. 13-36109 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-05401-RBL |
| v. | |
| WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

David J. Dejeu appeals pro se from the district court's order denying his

motion to set aside the judgment dismissing his action alleging claims related to

Washington state's registration requirements for contractors.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review for an abuse of discretion the district court's denial of a Fed. R. Civ. P. 60(b) motion for relief from judgment.  *Harman v. Harper*, 7 F.3d 1455, 1458 (9th Cir. 1993).  We affirm.

The district court did not abuse its discretion by denying Dejeu's Rule 60(b) motion because Dejeu failed to demonstrate any basis for relief.  *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) (setting forth grounds for relief from judgment).

To the extent that Dejeu attempts to challenge the district court's underlying judgment of dismissal, we lack jurisdiction because Dejeu did not timely file a notice of appeal as to the underlying judgment, or a post-judgment motion that tolled the time to file a notice of appeal as to the judgment.  *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days after entry of judgment); Fed. R. App. P. 4(a)(4)(A) (time for filing a notice of appeal may be extended where party timely files an enumerated tolling motion); *Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").

**AFFIRMED.**

13-36109