**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 06 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RANDALL PITTMAN, individually, and on behalf of other members of the general public similarly situated, | No. 11-55967 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-05225-ABC-AJW |
| v. | |
| SIEMENS MEDICAL SOLUTIONS DIAGNOSTICS, a California Corporation; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted May 24, 2016[**]

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Randall Pittman appeals pro se from the district court's order denying his

motion to set aside the judgment dismissing for lack of subject matter jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his employment class action lawsuit. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Harman v. Harper*, 7 F.3d 1455, 1458 (9th Cir. 1993). We affirm.

The district court did not abuse its discretion by denying Pittman's Fed. R. Civ. P. 60(b)(6) motion because Pittman failed to establish extraordinary circumstances. *See Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (a party must bring a Rule 60(b)(6) motion within a reasonable time and demonstrate "extraordinary circumstances"); *id.* (to constitute extraordinary circumstances, attorney must engage in "neglect so gross that it is inexcusable").

We lack jurisdiction to review Pittman's challenges to the district court's judgment because Pittman did not file a timely notice of appeal or post-judgment tolling motion. *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days after entry of judgment); *Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The parties' motions to take judicial notice, filed on June 27, 2014, and July

2, 2014, are denied as unnecessary.

**AFFIRMED.**