**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MELISSA STRAFFORD; CAROL
JACQUEZ; DAVID MATTHEWS, JR.,
on behlaf of themselves and all other
persons similarly situated,

        Plaintiffs-Appellants,

  v.

ELI LILLY AND COMPANY, an Indiana
corporation

        Defendant-Appellee.

No. 18-56064

D.C. No.
2:12-cv-09366-SVW-MAN

MEMORANDUM*

Appeal from the United States District Court
for Central California, Los Angeles
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted January 6, 2020,
Pasadena, California

Before: WATFORD and BENNETT, Circuit Judges, and RAKOFF,** District

Judge.

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

This appeal arises from a putative class action lawsuit against defendant Eli Lilly and Company ("Lilly") for alleged harms related to its marketing and labeling of an antidepressant drug. After receiving a series of adverse rulings at the district court level, plaintiffs voluntarily dismissed their claims to take advantage of then-existing Ninth Circuit law allowing plaintiffs to appeal lower court rulings by voluntarily dismissing their claims with prejudice. However, after an intervening Supreme Court decision, *Baker v. Microsoft Corp.*, 137 S. Ct. 1702 (2017), invalidated this voluntary dismissal tactic and deprived the Ninth Circuit of jurisdiction over their appeal, plaintiffs then sought to reopen their case by filing in the district court a motion under Fed. R. Civ. P. 60(b)(6). Plaintiffs now appeal the district court's denial of that motion, which we review under an abuse of discretion standard. *Buck v. Davis*, 137 S. Ct. 759, 777 (2017).

In order to obtain relief under Rule 60(b)(6) plaintiffs must demonstrate the existence of "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). This court's recent decision in *Henson v. Fidelity National Financial, Inc.*, 943 F.3d 434 (9th Cir. 2019), demonstrates that plaintiffs have failed to make such a showing here. In *Henson*, although this court held that the change in law represented by *Baker* constituted an extraordinary circumstance justifying Rule 60(b)(6) relief in that

2

case, it also emphasized that Rule 60(b)(6) analysis requires a "case-by-case inquiry . . . captur[ing] all of the relevant circumstances." *Id.* at 445-46.[1] Material differences between the facts of *Henson* and the present case demonstrate that similar relief is not warranted here.

Unlike the voluntary dismissal in *Henson* that was stipulated to by both parties, the voluntary dismissal in this case was vehemently contested by the defendant. This demonstrates that plaintiffs "knowingly risked permanent finality," because Lilly indicated "its position would be that the case was entirely over if there was no appellate jurisdiction." *Id.* at 448. Indeed, the plaintiffs themselves acknowledged that a lack of jurisdiction would end their case in a district court brief. Moreover, Lilly's opposition, when coupled with the filing of the *Baker* certiorari petition prior to the granting of the voluntary dismissal, makes clear that plaintiffs "should have known that the law might change in an unfavorable way." *Id.* at 447. In short, the record reveals that plaintiffs' choice to move for a voluntary dismissal, unlike the plaintiffs' actions in *Henson*, was the kind of "free, calculated, deliberate choice[] . . . not to be relieved from" through a Rule 60(b)(6)

---

[1] Furthermore, *Henson*, by reiterating that this court's application of six factors in *Phelps v. Alameida*, 569 F.3d 1120 (9th Cir. 2009), "was not meant to 'impose a rigid or exhaustive checklist'" for evaluating Rule 60(b) claims based on a change in law, precludes plaintiffs' argument that the district court erred by failing to explicitly apply the *Phelps* factors. *Henson*, 943 F.3d at 445.

motion. *Ackermann v. United States*, 340 U.S. 193, 198 (1950). For these, and other reasons, the district court's denial of Rule 60(b)(6) relief was not an abuse of discretion.

Plaintiffs' alternative argument that the district court abused its discretion by denying Rule 60(b) relief based on *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018), is no more successful. Plaintiffs argue that *Davidson* constitutes a change in law justifying reopening the district court's dismissal of its injunctive and declaratory relief claims because *Davidson* clarified that "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase." *Id.* at 969. It is not at all clear, however, whether such a holding actually undermines the district court's conclusion in the instant case that plaintiffs lacked standing to seek injunctive and declaratory relief. This court has held that doubt about whether a change in law would impact the original opinion weighs "heavily" against Rule 60(b) relief, rendering the district court's opinion reasonable. *Jones v. Ryan*, 733 F.3d 825, 840 (9th Cir. 2013); *see also Lopez v. Ryan*, 678 F.3d 1131, 1137 (9th Cir. 2012).

Finally, this Ccurt lacks jurisdiction to conduct the review of certain of the district court's decisions that preceded the voluntary dismissal that the plaintiffs now seek to substantively attack. The Supreme Court has held that "an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." *Browder v. Dir., Dep't of Corr. of Illinois*, 434 U.S. 257, 263 n.7 (1978). The Ninth Circuit has recognized this principle in multiple cases. *See, e.g.*, *Molloy v. Wilson*, 878 F.2d 313, 315 (9th Cir. 1989); *Harman v. Harper*, 7 F.3d 1455, 1458 (9th Cir. 1993). Accordingly, we do not review the merits of the district court's dismissal of plaintiffs' claim for injunctive and declaratory relief, or its failure to grant their request to amend their complaint.

**AFFIRMED.**