**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 7 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| U.S. SECURITIES & EXCHANGE COMMISSION,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JAMES WARRAS,<br><br>Defendant-Appellant. | No.   18-16684<br><br>D.C. No. 2:13-cv-02280-GMN-PAL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted February 4, 2020[**]

Before:     FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

James Warras appeals pro se from the district court's order denying his post-judgment motions for reconsideration pursuant to Federal Rule of Civil Procedure 60 in this civil enforcement action brought by the Securities and Exchange Commission ("SEC").  We have jurisdiction under 28 U.S.C. § 1291. We review

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

for an abuse of discretion. *Sch. Dist. No. 1J Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

The district court did not abuse its discretion by denying Warras's motions for reconsideration under Rule 60(b) because Warras failed to establish any basis for relief. *See* id. at 1263 (setting forth grounds for relief under Rule 60(b)).

To the extent that Warras attempts to challenge the district court's underlying summary judgment, we lack jurisdiction because Warras did not timely file a notice of appeal as to the underlying judgment, or post-judgment motion that tolled the time to file a notice of appeal as to the judgment. *See* Fed. R. App. P. 4(a)(1)(B); 4(a)(4)(A)(vi); *Harman v. Harper*, 7 F.3d 1455, 1458 (9th Cir. 1993) (appeal from denial of Rule 60(b) relief does not bring the entire underlying judgment up for review).

We do not consider Warras's contention that he received ineffective assistance of counsel in his criminal proceeding because it is outside the scope of this appeal. *See United States v. Hanoum*, 33 F.3d 1128, 1131 (9th Cir. 1994) ("[T]he customary procedure in this Circuit for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255.").

**AFFIRMED.**