NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN DAVID ROETTGEN,

Plaintiff-Appellant,

v.

D. PARAMO, Warden; et al.,

Defendants-Appellees.

No. 19-55172

D.C. No. 3:16-cv-01806-LAB-BGS

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted April 7, 2020[**]

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

John David Roettgen appeals pro se from the district court's order denying

his post-judgment Fed. R. Civ. P. Rule 60(b) motion in his 42 U.S.C. § 1983 action

alleging various constitutional claims.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review for an abuse of discretion.  *Sch. Dist. No. 1J, Multnomah Cty.,*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  We affirm.

The district court did not abuse its discretion by denying Roettgen's post-judgment Rule 60(b) motion to vacate because Roettgen failed to demonstrate any basis for such relief.  *See id.* at 1263 (explaining that Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief" (citation and internal quotation marks omitted)).

To the extent that Roettgen attempts to challenge the district court's underlying dismissal, we lack jurisdiction because Roettgen did not timely file a notice of appeal as to the underlying judgment, or a post-judgment motion that tolled the time to file a notice of appeal as to the judgment.  *See* Fed. R. App. P. 4(a)(1)(A); 4(a)(4)(A)(vi); *Harman v. Harper*, 7 F.3d 1455, 1458 (9th Cir. 1993) (appeal from a denial of a non-tolling Rule 60(b) motion does not bring the entire underlying judgment up for review).

**AFFIRMED.**